IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STUDENTS FOR JUSTICE IN PALESTINE AT PITT, <br><br> *Plaintiff*, <br><br> v. <br><br> UNIVERSITY OF PITTSBURGH; JOAN GABEL, MARLIN NABORS, KARIN ASHER, DaVAUGHN VINCENT-BRYAN, MATTHEW LANDY, and JAMEY MENTZER, all in their official and individual capacities, <br><br> *Defendants*. | CIVIL ACTION NO. 2:25-cv-00524 |

### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

1. Students for Justice in Palestine at Pitt ("Plaintiff") hereby moves, pursuant to Federal Rule of Civil Procedure 65, for entry of a Preliminary Injunction to enjoin Defendants University of Pittsburgh ("Pitt"), Joan Gabel, Marlin Nabors, Karin Asher, DaVaughn Vincent-Bryan, Matthew Landy, and Jamey Mentzer from restricting Plaintiff's speech by suspending its status as a registered student organization—thereby preventing it from engaging in advocacy to the same degree as all other registered student organizations; maintaining viewpoint-based and meritless disciplinary proceedings; applying standardless and content-based policies to regulate on-campus events and demonstrations; and using threats to chill Plaintiff's off-campus speech.

2. Plaintiff incorporates by reference the facts alleged in the Verified Complaint.

3. Plaintiff also incorporates by reference the legal arguments contained in the Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction.

1

4.      Plaintiff has satisfied the four-part test for granting a preliminary injunction. As set forth in the accompanying legal memorandum:

   a.      Plaintiff is likely to succeed on the merits of its claims under the First Amendment to the U.S. Constitution;

   b.      Plaintiff will suffer irreparable harm unless the requested injunctive relief is granted;

   c.      The government has no legally cognizable interest in suppressing the exercise of constitutional rights. Accordingly, no harm to Defendant Pitt or the individual Defendants would result from granting the requested injunctive relief; and

   d.      Granting the requested injunctive relief is in the public interest.

5.      Absent an order enjoining Defendants from maintaining SJP's suspension, proceeding with the viewpoint-based and meritless disciplinary proceedings, applying standardless and content-based policies to regulate on-campus events and demonstrations, and using threats to chill Plaintiff's off-campus speech, Plaintiff will continue to suffer irreparable harm—*i.e.*, denial of its free speech rights because it will be unable to engage in time-sensitive cultural and political advocacy about the Palestinian-Israeli conflict using Pitt facilities and communication channels or Plaintiff's social media accounts.

6.      Plaintiff, through undersigned counsel, gave notice of this action and motion for preliminary injunction to Defendants' retained counsel, Alexander R. Bilus and Joshua W.B. Richards, with whom they have been in regular communication about timing of this filing since late March. All court documents, including the verified complaint and preliminary injunction papers filed today, have been emailed to Defendants' counsel separately.

7. Plaintiff respectfully requests that the Court issue a preliminary injunction restoring Plaintiff's status as a registered student organization, halting the renewed disciplinary proceedings, permitting Plaintiff to exercise its rights under the First Amendment to the U.S. Constitution to the same degree as all other registered student organizations, and ceasing all attempts to regulate Plaintiff's off-campus speech.

8. Plaintiff seeks this Order pending final disposition of its claims that Defendants' actions in singling it out for disciplinary action, retaliating against it for engaging in political speech that criticized Defendants, applying a content-based and stardardless review system to disrupt demonstrations and events, and threatening disciplinary action for engaging in off-campus speech, all of which violate the Free Speech Clause of the First Amendment to the U.S. Constitution.

9. Because this is a non-commercial case involving purely injunctive relief, and the balance of hardships favors Plaintiff, the Fed. R. Civ. P. 65(c) security bond requirement should be waived.  *See Elliot v. Kiesewetter*, 98 F.3d 47, 59-60 (3d Cir. 1996); *Temple University v. White*, 941 F.2d 201, 219-20 (3d Cir. 1991).

10. Plaintiff also on this date is filing a motion requesting a status/scheduling conference as soon as possible to set an orderly schedule that allows for limited, but expedited discovery and moves the case to a decision on the preliminary injunction motion in a timely and orderly fashion.

WHEREFORE, Plaintiff respectfully requests that this Court enter a preliminary injunction to enjoin Defendants from restricting Plaintiff's speech by suspending its status as a registered student organization—thereby preventing it from engaging in advocacy to the same degree as all other registered student organizations; maintaining viewpoint-based and meritless

disciplinary proceedings; applying standardless and content-based policies to regulate on-campus events and demonstrations; and using threats to chill Plaintiff's off-campus speech

Dated: April 15, 2025                                          Respectfully Submitted,


By: */s/ Wtiold J. Walczak*

Witold J. Walczak
PA Bar No. 62976
ACLU OF PENNSYLVANIA
P.O. Box 23058
Pittsburgh, PA 15222
P: 412-681-7864
F: 267-573-3054
vwalczak@aclupa.org

Solomon Furious Worlds
PA Bar No. 333677
Kirsten M. Hanlon*
PA Bar No. 336365
ACLU OF PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
P: 215-592-1513
F: 267-573-3054
sfworlds@aclupa.org
khanlon@aclupa.org

Jules Lobel, Esq.
NY Bar No. 1262732
P.O. Box 81918
Pittsburgh, PA 15217
juleslobel73@gmail.com

*\* Pro hac vice application forthcoming*

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing Plaintiff's Motion for Preliminary Injunction, together with the accompanying Memorandum of Law, Proposed Order, the Verified Complaint, and all other supporting documents, were filed electronically and served on Defendants' counsel via email as follows:

Alexander R. Bilus
SAUL EWING LLP
P: (215) 972-7177
F: (215) 972-7725
alexander.bilus@saul.com

Joshua W.B. Richards
SAUL EWING LLP
P: (215) 972-7737
F: (215) 972-7725
joshua.richards@saul.com

Dated:  April 15, 2025                             */s/ Witold J. Walczak*
                                                    Witold J. Walczak