IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STUDENTS FOR JUSTICE IN PALESTINE AT PITT,** | )<br>)<br>) |
| *Plaintiff*, | )<br>) |
| v. | ) CIVIL ACTION NO. 25-cv-00524-NR |
| **UNIVERSITY OF PITTSBURGH; JOAN GABEL, MARLIN NABORS, KARIN ASHER, DaVAUGHN VINCENT-BRYAN, MATTHEW LANDY, and JAMEY MENTZER,** all in their official and individual capacities, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| *Defendants*. | )<br>) |

**Parties' ADR Status Report and Joint Proposed
Discovery, Briefing, and Hearing Schedule**

Plaintiff Students for Justice in Palestine at Pitt ("Plaintiff" or "SJP") and Defendants University of Pittsburgh ("Pitt" or the "University"), Joan Gabel, Marlin Nabors, Karin Asher, DaVaughn Vincent-Bryan, Matthew Landy, and Jamey Mentzer (collectively, "Defendants," and collectively with Plaintiff, the "Parties"), by and through their counsel, file this joint report consistent with this Court's April 17, 2025 Order (Doc. No. 12) to address Plaintiff's Motion for Preliminary Injunction (Doc. No. 3).

**ADR:**

The Parties report that they have discussed ADR at length and have agreed in principle to mediate. The Parties have jointly agreed on a mediator and tentatively reserved May 21, 2025 as

a mediation date. The Parties intend to further apprise the Court of any additional progress in this regard at the status conference set for April 30, 2025.

The Parties further jointly propose that the Court set the following schedule:

**<u>Discovery</u>:**

1. The scope of discovery shall be limited to the subject matter of Plaintiff's Motion for Preliminary Injunction.

2. Written discovery shall be limited to ten (10) requests for production, which each Party may serve on or before **<u>May 2, 2025</u>**.

3. Written responses to timely-served requests for production must be served on or before **<u>May 16, 2025</u>**.

4. Because this civil action will implicate education records of students protected from disclosure by the Family and Educational Rights Privacy Act, 20 U.S.C. § 1232g ("FERPA"), including the non-party student members of Plaintiff, the Parties have agreed to the following protocol to expedite the process for the University to provide otherwise responsive documents that include protected personally identifiable information about students:

    a. Plaintiff shall obtain timely written consent from its student members to permit the University to disclose their education records to the Court, the Parties, and any witnesses.

    b. To the extent any documents to be disclosed by the Defendants in this lawsuit are the education records of students who are not members of Plaintiff, the Defendants shall redact the personally identifiable information (as that term is defined by FERPA) from such records prior to disclosure. Should Plaintiff have a good faith

      basis to view unredacted copies of any redacted education records, the Parties shall meet and confer to determine a procedure for such disclosures.

5. Each party may notice one 30(b)(6) deposition and one additional fact witness, with the latter limited to half a day per side; topics for 30(b)(6) depositions must be served on or before **May 20, 2025**, with the parties to meet and confer regarding any objections to noticed topics on or before **May 23, 2025**.

6. Depositions will take place **May 28-30, 2025**.

**Briefing and Pre-Hearing Filings:**

7. The Parties will submit to the Court a Joint Statement of Undisputed Facts on or before **June 4, 2025**.

8. Defendants shall file an opposition to Plaintiff's Motion for Preliminary Injunction on or before **June 9, 2025**. Plaintiff reserves the right to file a reply, which would be due **June 13, 2025**.

9. The Parties will file simultaneous pre-hearing statements on or before **June 13, 2025**.

10. Prior to filing pre-hearing statements, the Parties will meet and confer with respect to whether and to what degree live testimony is necessary at the hearing to resolve the issues or whether the hearing need consist of legal argument only. If the parties conclude that live testimony is necessary, their pre-hearing statements will include witness lists describing the topics of each witness's testimony.

**Hearing:**

11. A hearing on Plaintiff's Motion for Preliminary Injunction will be held, if convenient for the Court, on **June 17, 2025**. If either Party intends to present live testimony, each Party will be limited to no more than three (3) hours for its evidentiary presentation. Legal

argument, or an opening and closing, whichever the Court prefers, will occur outside that time.

**<u>Post-Hearing Filings</u>:**

12. On or before **June 27, 2025**, the Parties will file simultaneous proposed Findings of Fact and Conclusions of Law.

WHEREFORE, the Parties respectfully request that the Court enter a scheduling order substantially similar to the foregoing proposed schedule.

Dated: April 28, 2025                                   Filed with Consent from All Parties,

*/s/ Joshua W.B. Richards*
Joshua W.B. Richards
Alexander R. Bilus
SAUL EWING LLP
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
Tel: (215) 972-7777
joshua.richards@saul.com
alexander.bilus@saul.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of April, 2025, the foregoing document was filed with the Clerk of the Court by using the CM/ECF system. Counsel of record are registered as ECF filers and that they will be served by the CM/ECF system.

*/s/ Joshua W.B. Richards*
Joshua W.B. Richards