# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STUDENTS FOR JUSTICE IN PALESTINE AT PITT, | |
| *Plaintiff*, | |
| v. | |
| UNIVERSITY OF PITTSBURGH; JOAN GABEL, MARLIN NABORS, KARIN ASHER, DaVAUGHN VINCENT-BRYAN, MATTHEW LANDY, and JAMEY MENTZER, all in their official and individual capacities, | CIVIL ACTION NO. 2:25-cv-00524 |
| *Defendants*. | Judge J. Nicholas Ranjan |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff, Students for Justice in Palestine at Pitt ("Plaintiff" or "SJP-Pitt"), by and through its undersigned counsel, hereby requests that Defendants—University of Pittsburgh ("Pitt" or "the University"), Joan Gabel, Marlin Nabors, Karin Asher, DaVaughn Vincent-Bryan, Matthew Landy, and Jamey Mentzer—respond to the following requests for production of documents by May 16, 2025, as required by this Court's April 30, 2025 Scheduling Order. *See* Dkt. No. 20. The documents may be produced for inspection and copying at a location agreed upon by all counsel, or at such place and in such manner as may be agreed upon by all counsel.

**INSTRUCTIONS**

1.  These Requests incorporate by reference the instructions and definitions contained in Federal Rule of Civil Procedure 34 and Local Rule 26.1.

1

2. These Requests require Defendants to produce all responsive documents and electronically stored information ("ESI") that are in its possession, custody, or control, including the possession, custody, or control of any and all University officials, employees, agents, representatives, or, unless privileged, attorneys.

3. These Requests encompass responsive documents and ESI stored on personal, non-University-issued devices, like personal cellular phones, laptops, tablets and desktop computers. The requests also encompass documents and ESI stored in personal accounts, including personal emails, texts and social media.

4. These Requests are continuing in nature. In the event you become aware of or acquire possession, custody, or control of additional responsive documents, Defendants have the duty to supplement their responses. *See* Fed. R. Civ. P. 26(e).

5. If a document has been prepared in several versions, or if additional copies of a document have been made that are not identical to the original or are no longer identical to the original by reason of subsequent notation or marking of any kind, you must produce each non-identical version or copy of the document.

6. If, in responding to these Requests, you perceive any ambiguity in a Request, definition, or instruction, your response must set forth the matter deemed ambiguous and the construction used in responding.

7. If you withhold any documents responsive to these Requests based on a claim of privilege or any other claim of immunity from discovery (including a claim of protection under the attorney work product doctrine), you must identify in writing sufficient detail about each document so withheld for the parties and the Court to assess the claim of privilege pursuant to Fed. R. Civ. P. 26(b)(5)(A)(ii), including:

    a. The name and job title of each author(s), writer(s), or sender of the document;

    b. The name and job title of each recipient(s), addressee(s), or other person(s) to whom the original or any copy of the document was sent or furnished;

    c. The type of document (e.g. letter, memorandum, report, etc.);

    d. A description of the nature and subject matter of the document sufficient to permit Requesting Defendants and the Court to determine whether it is privileged or otherwise immune from discovery;

    e. The basis for the claim of privilege or immunity from discovery; and,

    f. The date of creation or transmittal of the document, or an estimate of that date, indicated as such, if no date appears on the document.

8. If documents responsive to a particular request have been lost, destroyed, or otherwise disposed of, then you must provide a statement describing, to the fullest extent possible, each unavailable document, including:

    a. The author(s);

    b. The addressee(s);

    c. The subject matter;

    d. The number of pages, attachments, or appendices;

    e. All persons to whom the document was distributed, shown, or explained;

    f. A description of the circumstances under which the document was lost, destroyed, or otherwise disposed of;

    g. The date the document became unavailable; and,

    h. The person who directed or authorized the document(s) destruction or disposition.

## **DEFINTIONS**

1.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document requests and deposition topics all responses that might otherwise be construed to be outside of its scope.

2.      The words "any" and "all" shall be construed as "any and all," and in the broadest sense to bring within the scope of the document requests and deposition topics all responses that might otherwise be construed to be outside of its scope.

3.      The words "between" and "among" shall be construed as "between or among", and in the broadest sense to bring within the scope of the document requests and deposition topics all responses that might otherwise be construed to be outside of its scope. By way of illustration, a topic referring to all communications between A, B, and C shall include all communications between A and B, B and C, A and C, or among A, B, and C.

4.      The terms "concern," "concerning," "relate," "relating," "refer," and/or "referring" mean concerning, relating to, referring to, regarding, evidencing, containing, setting forth, constituting, establishing, compromising, reflecting, memorializing, showing, disclosing, describing, explaining, summarizing, substantiating, supporting or negating (whether directly or indirectly), identifying, or pertaining to.

5.      The term "communication" shall mean any written or verbal statement from one person or entity to another, whether conveyed orally, in writing, electronically, or by other means and whether received or not, including any such statements between officers, directors, employees or agents of the same entity.

6.      The term "document" is used in the broadest possible sense and means, without limitation, any written, printed, typed, photostat, photographic, computerized, recorded or

otherwise reproduced communication or representation, whether composed of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof. This definition includes copies or duplicates of documents contemporaneously or subsequently created that have any non-conforming notes or other markings.

a. Without limiting the generality of the foregoing, the term "document" includes, but is not limited to any communication, including, mail, e-mail, text messages, social media posts, instant messenger posts, online chats, memoranda, notes, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports and summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings, or other communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, computer and word processor disks, data cells, drums, print-outs, all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing.

b. Without limiting the generality of the foregoing, the term "document" also includes, but is not limited to, records, computer records, audio recordings, video recordings, voice recordings, phonograph recordings, audiotapes, videotapes, other such tapes, and films.

7. The term "person" shall mean natural persons as well as firms, partnerships, associations, institutions, joint ventures, corporations, governmental entities, administrative agencies, professional associations, corporations, business entities, and every other organization of whatever sort.

8. "Plaintiff" shall refer to Students for Justice in Palestine at Pitt ("SJP-Pitt").

9. "You" or "Defendants" shall refer to the University of Pittsburgh ("Pitt" or "the University"), Joan Gabel, Marlin Nabors, Karin Asher, DaVaughn Vincent-Bryan, Matthew Landy, and Jamey Mentzer.

10. "University" or "Pitt" shall refer to the University of Pittsburgh.

11. The plural of any word shall include the singular and the singular shall include the plural, whenever the context in which words used in these Requests supports such a reading, and vice versa.

## DOCUMENT REQUESTS

1. All documents and communications related to placing an alert in any University database or program directing different treatment or extra scrutiny of SJP-Pitt, and specifically but not exclusively as they pertain to the allegations in the Verified Complaint at ¶¶ 28-30.

2. All documents and communications that relate to on-campus demonstrations that involved SJP-Pitt on September 25, 2024 and the one-week period beginning October 6, 2024, and specifically but not exclusively as they pertain to the allegations in the Verified Complaint at ¶¶ 31-37.

3. All documents and communications that relate to the December 9-12, 2024, library study in, and specifically but not exclusively as they pertain to the allegations in the Verified Complaint at ¶¶ 53-82, including but not limited to all documents and communications

that reference any disruption to campus activities or the use of University properties or facilities caused by that study in.

    4. All documents and communications that relate to the "Anti-Zionist Shabbat" event that took place in late January 2025, and specifically but not exclusively as they pertain to the allegations in the Verified Complaint at ¶¶ 43-50, including but not limited to those concerning and describing:

        a. The reason(s) SJP-Pitt was told to change the event's title; and

        b. The University's reason(s) for changing the event's funding and location.

    5. All documents and communications that relate to the disciplinary conduct board hearing conducted on February 4, 2025, and specifically but not exclusively as they pertain to the allegations in the Verified Complaint at ¶¶ 83-105, including but not limited to the following aspects of the process:

        a. The University's decision to initiate the disciplinary process that led to the hearing;

        b. The notice, procedures, and process to be accorded SJP-Pitt or to be followed by the hearing panel at the February 4 hearing;

        c. Video or audio recording(s) created during, at, or in relation to the February 4, 2025 hearing;

        d. Defendants' and other Pitt employees' preparations for the February 4, 2025 hearing; and

        e. Any findings or conclusions articulated by the disciplinary panel's appraisal of the evidence presented during the hearing or on a suggested disposition, including any draft statements.

6. All documents and communications that relate to SJP-Pitt's February 4 open letter, and specifically but not exclusively as they pertain to the allegations in the Verified Complaint at ¶¶ 106-119, including but not limited to:

    a. those concerning the University's decision to place SJP-Pitt on interim suspension on March 18, 2025; and

    b. those concerning the University's decision to abort and cancel the disciplinary process surrounding the February 4 hearing, allegedly due to the February 4 open letter.

7. All documents and communications that relate to Pitt's March 19, 2025, decision to warn Plaintiff about its ongoing expressive activities, including an off-campus protest scheduled for March 22, 2025, and specifically but not exclusively as they pertain to the allegations in the Verified Complaint at ¶¶ 120-122.

8. All documents and communications that relate to the new disciplinary proceedings initiated by Defendants on April 8, and specifically but not exclusively as they pertain to the allegations in the Verified Complaint at ¶¶ 124-130.

9. All documents that relate to how student organizations can or must reserve University spaces, including but not limited to the Hillman Library, the Hub, and outdoor spaces adjacent to the Cathedral of Learning and the William Pitt Union.

10. All communications sent or received by any of the individually named Defendants since April 1, 2024, which mention or reference SJP-Pitt (or variations of the name[1]). Additional words to be searched include the following: Palestine, Palestinian, anti-Semitism or antisemitism, Israel, Israeli, Jewish, Muslim, Shabbat, Gaza, SSI (Students

---

[1] Variations include, but are not limited to "Students for Justice in Palestine," "SJP at Pitt," "SJP-Pitt," and "SJP."

Supporting Israel), SCIP (Student Coalition for Israel at Pitt), Columbia, Betar, disrupt*,[2] discipline*, protest*, or demonstration* in the communication.

Dated: May 1, 2025                           Respectfully Submitted,

By:   /s/ Witold J. Walczak
      Witold J. Walczak
      PA Bar No. 62976
      ACLU OF PENNSYLVANIA
      P.O. Box 23058
      Pittsburgh, PA 15222
      P: 412-681-7864
      F: 267-573-3054
      vwalczak@aclupa.org

      Solomon Furious Worlds
      PA Bar No. 333677
      Kirsten M. Hanlon*
      PA Bar No. 336365
      ACLU OF PENNSYLVANIA
      P.O. Box 60173
      Philadelphia, PA 19102
      P: 215-592-1513
      F: 267-573-3054
      sfworlds@aclupa.org
      khanlon@aclupa.org

      Jules Lobel, Esq.
      NY Bar No. 1262732
      P.O. Box 81918
      Pittsburgh, PA 15217
      P: 412-334-1379
      juleslobel73@gmail.com

      *Pro hac vice application forthcoming*

      *Counsel for Plaintiff*

---

[2] "*" means all tenses and derivatives of the word.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused the foregoing Requests for Production to be served upon all counsel of record via via email pursuant to counsel's agreement to accept service. All documents were served on Sandy R. Bilus (alexander.bilus@saul.com) and Josh W. B. Richards (joshua.richards@saul.com).

Dated:  May 1, 2025                                    */s/  Witold Walczak*
                                                       Witold Walczak