IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STUDENTS FOR JUSTICE IN PALESTINE AT PITT, <br><br> *Plaintiff*, <br><br> v. <br><br> UNIVERSITY OF PITTSBURGH; JOAN GABEL, MARLIN NABORS, KARIN ASHER, DaVAUGHN VINCENT-BRYAN, MATTHEW LANDY, and JAMEY MENTZER, all in their official and individual capacities, <br><br> *Defendants*. | CIVIL ACTION NO. 2:25-CV-00524 <br><br> Judge J. Nicholas Ranjan |

**PLAINTIFF'S REVISED MOTION FOR PRELIMINARY INJUNCTION**

1. Students for Justice in Palestine at Pitt (SJP-Pitt) hereby moves, pursuant to Federal Rule of Civil Procedure 65, for entry of a Preliminary Injunction enjoining Defendants University of Pittsburgh, Joan Gabel, Marlin Nabors, Karin Asher, DaVaughn Vincent-Bryan, Matthew Landy, and Jamey Mentzer from continuing to suspend SJP-Pitt's status as a registered student organization—thereby preventing it from engaging in on-campus speech and advocacy to the same degree as all other registered student organizations.

2. SJP-Pitt incorporates by reference the facts alleged in the Verified Complaint.

3. Since the filing of SJP-Pitt's Verified Complaint, the University conducted a second disciplinary proceeding on May 23, 2025, regarding the events described in the complaint. ECF No. 42-1. On June 18, 2025, the University issued a letter concluding that SJP-Pitt would be:

      a. reprimanded for failing to comply with unspecified "lawful direction" or "other lawful authority" during the December 2024 library study session;

      b. reprimanded and required to have "educational conversations" for failure to "comply with the lawful authority of a university official" over the March 18, 2025, social media posts promoting off-campus activities sponsored by non-University organizations; and

      c. suspended for six months over the February 4, 2025 Open Letter, which allegedly violated the Student Code of Conduct's prohibitions on "intimidat[ing], coerc[ing], influenc[ing], or attempt[ing] to do the same against any person who is participating or has participated in any University process or proceeding" and "disrupt[ing] or interfer[ing] with the conduct process." ECF No. 42-1.

4. Because two of the sanctions involve only *reprimands*, SJP-Pitt narrows its request for a preliminary injunction to the six-month suspension, involving the February 4 Open Letter, which extends the irreparable harm being inflicted on SJP-Pitt by barring their advocacy opportunities on campus at a critical time in the upcoming semester. The University-imposed six-month suspension expires on September 18, 2025. ECF No. 42-1.

5. SJP-Pitt will file a Memorandum of Law supporting this motion on or by July 11, 2025, consistent with this Court's scheduling order. ECF No. 43.

6. SJP-Pitt has satisfied the four-part test for granting a preliminary injunction. As SJP-Pitt will set forth in the forthcoming Memorandum of Law:

      a. SJP-Pitt is likely to succeed on the merits of its claims under the First Amendment to the U.S. Constitution;

      b. SJP-Pitt will suffer irreparable harm unless the requested injunctive relief is granted;

      c. No harm to the University or the individually named Defendants would result from granting the requested injunctive relief because the government has no legally cognizable interest in suppressing and penalizing protected speech; and

      d. The public interest favors granting the requested injunctive relief.

7. Absent an order enjoining the University from maintaining SJP-Pitt's suspension, which resulted from viewpoint-based and retaliatory disciplinary proceedings and is based on a purported violation of one of the University's many overly broad and vague policies, SJP-Pitt will continue to suffer irreparable harm—*i.e.*, denial of its free speech rights because SJP-Pitt is and will continue to be unable to engage in time-sensitive cultural and political advocacy about the Palestinian-Israeli conflict using University facilities, resources, and communication channels. SJP-Pitt will be unable to hold any authorized demonstrations, educational events, or even engage in on-campus or off-campus advocacy as a registered student organization until its suspension is lifted. By way of example, between August 18 and September 18, 2024, SJP-Pitt, as a registered student organization, participated in or organized 8 discrete events, including a week of political education programming, over 13 different days.

8. Significantly, SJP-Pitt will be precluded from recruiting new student members during Welcome Week, beginning August 18, when new students will have the opportunity to learn about the various registered student organizations and how they can get involved. The first month of the semester, especially the fall semester activities fair, is an important time for student organizations because students are eager to become involved in activities during this period. Last year, SJP-Pitt gained a significant number of new members during this time. Recruiting

new members, particularly freshmen, is important to the long-term sustainability of SJP-Pitt and its ability to continue its speech and advocacy activities effectively. Additionally, even for students who do not join SJP-Pitt, Welcome Week is a prime time for groups to educate students about what they do and raise awareness about the plight of the Palestinian people.

9. SJP-Pitt respectfully requests that the Court issue a preliminary injunction reinstating SJP-Pitt's status as a registered student organization, thereby permitting SJP-Pitt to exercise its rights under the First Amendment to the U.S. Constitution to the same degree as all other registered student organizations.

10. SJP-Pitt seeks this Order pending final disposition of its claims that the University and individually named Defendants' actions—including singling SJP-Pitt out for disciplinary action, retaliating against SJP-Pitt for engaging in political speech that criticized the University, applying a content-based and standardless review system to disrupt demonstrations and events, and threatening disciplinary action for engaging in off-campus speech—violate the Free Speech Clause of the First Amendment to the U.S. Constitution.

11. Because compliance with the preliminary injunction sought "raises no risk of monetary loss to the defendant" and the balance of equities favors SJP-Pitt, the Fed. R. Civ. P. 65(c) security bond requirement should be waived. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 426 (3d Cir. 2010) (quoting *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 210 (3d Cir. 1990)). In the alternative, a nominal security bond in the amount of $1.00 is appropriate to satisfy Rule 65(c). *See A.S.R. v. Trump*, --- F. Supp. 3d ----, No. 3:25-cv-00113, 2025 WL 1378784, at *23 (W.D. Pa. May 13, 2025) (noting waiver of bond requirement could be appropriate but exercising discretion to impose nominal bond).

WHEREFORE, SJP-Pitt respectfully requests that this Court enter a preliminary injunction to enjoin all individually named Defendants and the University, including its officers, employees, agents, or other persons acting in concert with the University, from restricting SJP-Pitt's speech by continuing to suspend its status as a registered student organization and thereby preventing it from engaging in speech and advocacy to the same degree as all other registered student organizations, particularly in the critical Welcome Week period beginning on August 18, 2025.

Dated: June 27, 2025                                          Respectfully Submitted,


/s/ Witold J. Walczak
Witold J. Walczak
PA Bar No. 62976
Ali N. Szemanski
PA Bar No. 427769
ACLU OF PENNSYLVANIA
P.O. Box 23058
Pittsburgh, PA 15222
P: 412-681-7864
F: 267-573-3054
vwalczak@aclupa.org
aszemanski@aclupa.org

Solomon Furious Worlds
PA Bar No. 333677
Kirsten M. Hanlon*
PA Bar No. 336365
ACLU OF PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
P: 215-592-1513
F: 267-573-3054
sfworlds@aclupa.org
khanlon@aclupa.org

Jules Lobel, Esq.
NY Bar No. 1262732

P.O. Box 81918
Pittsburgh, PA 15217
juleslobel73@gmail.com

\* *Pro hac vice*

*Counsel for Plaintiff*