# DEFENDANTS' EXHIBIT 33

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STUDENTS FOR JUSTICE IN PALESTINE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 2:25-cv-00524-NR |
| UNIVERSITY OF PITTSBURGH, *et al.* | ) ) ) |
| Defendant. | ) |

## DECLARATION OF MARLIN NABORS

I, Marlin Nabors, do hereby state under oath as follows:

1. I am the Associate Vice Provost and Dean of Students for the University of Pittsburgh ("Pitt").

2. I have held this position since January 2, 2025.

3. In that role, I oversee various aspects of the Division of Student Affairs, including, but not limited to the Community and Inclusion Team, the Wellness Team, and the Student Engagement and Professional Development Team.

4. I am also involved with issues relating to student conduct and the conduct of registered student organizations ("RSOs").

5. In January 2025, Pitt initiated conduct proceedings against Students for Justice in Palestine at Pitt ("SJP-Pitt"), an RSO at the time, relating to an event that it organized and executed at the Hillman Library from December 9, 2024 through December 12, 2024 (the "Study-In").

6. Pitt scheduled the hearing for February 4, 2025.

7. I did not participate in the hearing.

8. The hearing was moderated by Matthew Landy, Pitt's Director of Student Conduct, within the Division of Student Affairs.

1

9. Pitt enlisted a panel of trained neutral hearing board officers (the "Panel") to hear the arguments and evidence to be presented by both Pitt and SJP-Pitt, and to determine whether SJP-Pitt should be found responsible for violating University policy relating to the Study-In.

10. On the evening of February 4, 2025, the same day as that hearing, I received an email from SJP-Pitt ("Open Letter"). Defendants' Exhibit 4 is a true and correct copy of that email.

11. That Open Letter had also been sent to the hearing Panel.

12. The following day Mr. Landy forwarded me an email from one of the Panel members. A true and correct copy of the Panel member's e-mail is attached as Plaintiff's Exhibit 10 to Plaintiff's Memorandum of Law in Support of Plaintiff's Revised Motion for Preliminary Injunction (ECF No. 46-13).

13. In that email, the Panel member identified his concerns that SJP's actions constituted interference with the conduct process and an improper attempt to influence the outcome of the hearing.

14. On February 6, 2025, I sent an email to the Panel instructing them to pause their deliberations.

15. On February 10, 2025, I conducted interviews of the Panel members to assess the effect on the process that the Open Letter had on the individual Panel members and the deliberations generally.

16. When I interviewed the Panel member that had sent the email to Mr. Landy, he seemed uncomfortable about moving forward with the conduct process.

17. One Panel member confirmed that the Open Letter came up during their deliberations, which I viewed as a problematic infection of the process because the Panel should not have been considering anything that was not presented in the hearing.

18. At least two Panel members asked questions about indemnification by Pitt in the event that SJP-Pitt filed suit against the Panel members, which I also viewed as problematic because it did not position the Panel to make an unbiased decision.

19. On these bases, I determined that SJP-Pitt had disrupted and interfered with the conduct process by sending its Open Letter to the Panel, which I determined to be an attempt to influence and/or intimidate the Panel into finding in favor of SJP-Pitt during its deliberations of the conduct charges against SJP-Pitt.

20. Thereafter, in consultation with other Pitt administrators, on March 18, 2025 I made the decision to vacate SJP-Pitt's conduct proceedings.

21. In consultation with other Pitt administrators, I also made the decision to initiate new charges against SJP-Pitt for violating Pitt's policy that prohibits: (1) intimidation, coercion, influencing, or attempts to do the same against a person who is participating or has participated in any University process or proceeding. and (2) disruption or interference with the conduct process. Those policies are set forth in Pitt's Student Code of Conduct.

22. In consultation with other Pitt administrators, I also made the decision to temporarily suspend SJP-Pitt for its policy-violating communications with the Panel through its Open Letter, pending formal adjudication of the policy violation charges.

23. During my deposition in this matter, I failed to note a distinction between the bases for the decisions to (a) vacating the conduct process and (b) initiate new charges against SJP-Pitt and issue an interim suspension of SJP-Pitt.

24. Specifically, I Panel member who had sent Mr. Landy an email regarding the Open Letter had also indicated that he believed SJP-Pitt had made improper threatening comments during the February 4, 2025 hearing.

3

25. While I considered those comments during the hearing that the Panel member viewed as improper threats, and those comments had an effect on the decision to vacate the conduct proceedings on March 18, 2025, those comments were not the basis for the decision to either (a) initiate the new charges against SJP-Pitt or (b) issue an interim suspension of SJP-Pitt.

26. At the time that these decisions were made, I did not know if the February 4, 2025 hearing Panel had reached a decision regarding the responsibility of SJP-Pitt for the alleged violations of policy relating to the Study-In, nor did I know if they had started drafting their findings, nor had I seen any such draft findings.

27. Pitt did not inform SJP-Pitt about the proceedings being vacated or the imposition of the interim suspension and corresponding new charges until March 18, 2025.

28. The time taken between pausing the conduct process on February 6, 2025 and vacating the conduct process on March 18, 2025 was to ensure that we were being reasonable and deliberate in our process.

29. Pitt's suspension of SJP-Pitt was not the result of any public pressure.

30. The suspension was solely the result of SJP-Pitt's violation of Pitt's policies by sending the Open Letter to the hearing Panel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on __7/30__, 2025

_____
Marlin Nabors

4