IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| STUDENTS FOR JUSTICE IN PALESTINE AT PITT, | ) ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) ) |
| UNIVERSITY OF PITTSBURGH, JOAN GABEL, MARLIN NABORS, KARIN ASHER, DaVAUGHN VINCENT-BRYAN, MATTHEW LANDY, and JAMEY MENTZER, all in their official and individual capacities, | ) ) ) ) ) ) ) ) |
| *Defendants*. | ) ) |

CIVIL ACTION NO. 2:25-cv-00524-NR
Judge J. Nicholas Ranjan

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE IMPROPER ERRATA MODIFICATIONS TO DEFENDANT NABORS' DEPOSITION

Plaintiff Students for Justice in Palestine at Pitt ("SJP") "Motion to Strike Improper Errata Modifications to Defendant Nabors' Deposition" (Dkt. No. 59) should be denied because it does little more than re-argue a specific factual issue raised in its Memorandum in support of its Revised Motion for Preliminary Injunction. But as there, so too here: SJP has misstated the law and argued application of the wrong standard, this time to treatment of deposition errata.

Contrary to SJP's misconstruction of the rule as conclusory and restrictive, the Third Circuit has rejected such a formulaic application of the rule. Rather, the Third Circuit is "flexible" in its approach, allowing even squarely contradictory errata "as the circumstances may warrant." *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 267 (3d Cir. 2010). Such circumstances include the importance of the testimony, whether the deponent was carefully questioned, and whether independent evidence corroborates the errata change. *See id.* at 268-70. Even where contradictory,

however, striking errata is warranted only if the procedural requirements of the Federal Rules of Civil Procedure were not fulfilled. Here, there is no dispute that those procedural requirements were fulfilled. As a result, the only proper remedy, if any, is further testimony. Such further testimony is unnecessary here because the errata is not contradictory and the issue at the center of SJP's Motion to Strike is inconsequential.

First, Mr. Nabors' clarifications in his errata sheet are consistent with the contemporaneous documents in this case and his deposition testimony. SJP's argument – that the University of Pittsburgh ("Pitt" or "the University") suspended SJP for sending its Open Letter to the hearing adjudicators *and* for threatening comments made during its disciplinary hearing – disregards the clear language of various documents in this matter, and, most importantly, ***SJP's concession*** that "Pitt suspended SJP-Pitt for six months – until September 18 – ***for sending the Open Letter to the hearing officers***." Memorandum in Support of Revised Motion for Preliminary Injunction ("Pl. Preliminary Injunction Memo.") at 7 (Dkt. No. 46-2) (emphasis added). Mr. Nabors' clarification is consistent with those documents. As demonstrated throughout the portions of Mr. Nabors' deposition relied upon by SJP, SJP's counsel asked inexact compound questions, many of which yielded requests for clarification from Mr. Nabors. The result is a muddled transcript; hence the resulting errata clarification.

Second, SJP's Motion to Strike's argument is inconsequential. SJP has, of course, moved strike Defendant Marlin Nabors' Deposition errata. Mr. Nabors' Declaration, however – which SJP has *not* moved to strike – states the exact same information. So the facts before the court will be the same irrespective of whether the Court strikes the errata, rendering SJP's motion a procedurally inconsequential and an unnecessary tax on the parties' and the Court's time.

SJP's argument is, essentially, that Pitt suspended SJP for sending its Open Letter to the conduct hearing board panel *and* for threatening comments SJP made to the panel during the first conduct hearing in February 2025. *See* Pl. Memorandum in Support of Motion to Strike ("Pl. Memo.") at *passim* (Dkt. No. 60). By conceding the former, however, the latter loses any consequence. Because interfering with an official proceeding is not protected speech and the University's suspension of SJP on that basis was legal, SJP is not entitled to a preliminary injunction lifting that suspension.

Third, Mr. Nabors complied with the Federal Rules in making his deposition errata. If Mr. Nabors' deposition errata were contradictory, and the issue were actually one that is relevant and material, the solution would not be to strike the errata, but rather to have Mr. Nabors testify before the Court. It goes without saying that when evaluating whether to issue a preliminary injunction, this Court's job is to weigh the evidence presented by the parties and determine whether such an injunction is warranted based on the facts and the law. The Court does so by reviewing and weighing the testimony of the witnesses, consistent and contradictory alike, regardless of the form. Therefore, if the Court believes that a conflict is presented in the evidence, the solution is not to strike Mr. Nabors' errata, but to have Mr. Nabors testify live in court. At bottom, SJP's motion lacks both support and consequence, and should accordingly be denied.

**I.     ARGUMENT**

**A. SJP has Misstated the Law and Argued Application of the Wrong Standard.**

SJP argues the wrong standard applicable to deposition errata. In *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 267 (3d Cir. 2010), the Third Circuit explained the landscape of treatment of deposition errata:

> The courts are divided on the extent to which a party or deponent may change substantively the deposition transcript after review. Some courts have determined

>that the rule places no limitation on changes. Therefore, according to these courts, substantive changes must be permitted, even if they contradict the original answers or the reasons for making the changes are unpersuasive. To protect against abuse, these courts emphasize that the earlier testimony is not expunged from the record, thus subjecting the deponent to cross-examination and impeachment at trial with respect to the contradictory testimony. Some courts also permit the deposing party to reopen the deposition (with costs to be borne by the amending party) to question the deponent on the alteration.
>
> \* \* \*
>
>Other courts have read Rule 30(e) more narrowly. These courts have determined that the rule permits changes of substance only to the extent that the proposed alteration is consistent with the deponent's testimony.

*EBC*, 618 F.3d at 267 (internal citations omitted). Rejecting the strict approach of allowing changes of substance only when consistent with prior testimony, the Third Circuit stated that "[it] believe[s] that a flexible approach—consistent with our prior analogous jurisprudence [concerning affidavits contradictory to deposition testimony]—is appropriate." *Id*.

After citing *EBC*, SJP goes on to argue, remarkably, that "the Third Circuit permits substantive changes only to the extent that they do not 'squarely contradict earlier testimony materially bearing on the case' and where a party provides 'sufficient justification' for the change." Pl. Memo. at 3. But in announcing its holding, the Third Circuit *actually* stated:

>We therefore hold that ***when reviewing a motion for summary judgment***, a district court does not abuse its discretion under Rule 30(e) when it refuses to consider proposed substantive changes that materially contradict prior deposition testimony, if the party proffering the changes fails to provide sufficient justification. ***At the same time, we emphasize that courts may, in their discretion, choose to allow contradictory changes (and implement the remedial measures discussed above) as the circumstances may warrant.***
>
> \* \* \*
>
>[N]othing . . . requires courts to strike contradictory errata if sufficiently persuasive reasons are given, if the proposed amendments truly reflect the deponent's original testimony, or if other circumstances satisfy the court that amendment should be permitted. Each case will present fact-sensitive circumstances, and ***we are disinclined to prescribe a one-size-fits-all rule***.

4

*EBC*, 618 F.3d at 268 (emphases added). In other words, treatment of deposition errata, even when contradictory, is discretionary and circumstance-dependent. And it remains so even in the context of summary judgment, where contradictory deposition errata can create an genuine issue of material fact that can bar summary judgment, which is just one of the circumstances that must be taken into account. *Id.* at 268-69. As suggested by the holding of *EBC* which places importance on the circumstances of each case, a number of courts, including those cited by the Third Circuit in *EBC*, have concluded that the standard applied to deposition errata challenges for summary judgment is higher than for other pre-trial motions. *See Summerhouse v. HCA Health Servs. of Kansas*, 216 F.R.D. 502, 508 (D. Kan. 2003) ("Rule 30(e) changes only face a heightened standard of review if they have the potential to affect summary judgment.") (cited by *EBC,* 618 F.3d at 267 n. 15); *Reilly v. TXU* Corp., 230 F.R.D. 486, 491 (N.D. Tex. 2005) (same) (cited by *EBC,* 618 F.3d at 267).

In *EBC*, the Third Circuit determined that deposition errata should be treated the same as affidavits that may contradict deposition testimony. 618 F.3d at 268-69. The Third Circuit "recognize[d] that there are situations in which sworn testimony can quite properly be corrected by a subsequent affidavit," such as "[w]here the witness was confused at the earlier deposition or for some other reason misspoke." *Id.* at 268. Factors relevant to the weight that courts should give such contradictory testimony are: whether "the affiant was carefully questioned on the issue;" whether the affiant "had access to the relevant information at that time;" whether the affiant "provided [a] satisfactory explanation for the later contradiction;" the importance of the questioning on which the [witness] had altered her testimony;" and whether "there is independent evidence in the record to bolster" the asserted facts. *Id* at 268-70 (internal citations omitted).

5

As explained below, under *EBC,* the circumstances of this matter do not warrant striking Mr. Nabors' deposition errata. *EBC,* 618 F.3d at 267-70. The independent evidence of this matter bolsters Mr. Nabors' errata. Mr. Nabors was not carefully questioned by SJP on this issue. Mr. Nabors' clarification is a valid explanation for the errata, which is not contradictory to his original testimony. The nature of the errata, and SJP's Motion to Strike, itself, have little consequence. And Mr. Nabors fully complied with Rule 30. *See id.*

**B. Mr. Nabors' Clarification is Consistent with the Documents of this Case and his Testimony.**

Mr. Nabors' clarification through deposition errata is straightforward:

> While comments made by SJP-Pitt during the [February 4, 2025] hearing affected the decision to vacate the pending conduct proceedings, those comments were not the basis for SJP-Pitt's interim suspension or the charges related for (1) intimidation, coercion, influencing, or attempts to do the same against a person who is participating or has participated in any University process or proceeding and (2) disruption or interference with the conduct process.

Defendants' Opposition to SJP's Revised Motion for Preliminary Injunction ("Opposition"), Def. Ex. 34 (Dkt. No. 57-12). This clarification is echoed and expounded upon in Mr. Nabors' Declaration. *Id.* at Def. Ex. 33 at ¶¶ 23-25 (Dkt. No. 57-11).

While SJP has argued, erroneously, that Mr. Nabors' clarification in his deposition errata is inconsistent with his deposition testimony, SJP has not argued that his clarification is inconsistent with the contemporaneous documents in this case. *Id.* Instead, SJP limits it treatment of the contemporaneous documents to arguments about invented vagueness. *Id.* at 5. In fact, Mr. Nabors' errata are entirely consistent with the other evidence in this case. There is no gotcha moment here for SJP.

### 1. Mr. Nabors' Clarification is Consistent with Pitt's First Communications on the Subject.

The first communication from Pitt to SJP on the matter of its Open Letter and the new charges resulting therefrom occurred in a pair of letters on March 18, 2025. The first is Defendants' Exhibit 7, a letter from Mr. Nabors to SJP advising that SJP's February 4 "Open Letter" communication violated Pitt's Student Code of Conduct. It states:

> I have received information that while this conduct proceeding was ongoing, you engaged in additional conduct that may have violated the Student Code of Conduct (the "Code"). *Specifically*, that among other things, *you improperly engaged in communications to members of the Conduct Hearing Board **during their deliberations following the February 4, 2025 Level II Conduct Hearing***. As set forth in the Code, interference with the conduct process, which includes any action designed or with the potential to influence or intimidate any person who is participating in a student conduct proceeding, constitutes a serious violation. Your recent actions accordingly give rise to a number of significant consequences.
>
> ***First***, Student Conduct will consider **additional conduct charges pertaining to these actions** or any other actions in violation of the Code that come to light in the course of its investigation. ***Second***, due to the serious nature of these cumulative actions, **you will separately be receiving a Notice of Interim Suspension**. That Notice will provide information regarding the nature, duration and scope of that interim suspension, as well as any appeal rights. ***Third***, ***these actions also irreparably compromise the integrity and credibility of the current conduct proceeding***. The integrity of the student conduct process is paramount to ensuring fairness within our student community. Under the circumstances presented here, the integrity of the process dictates that the current Conduct Hearing Board be dismissed and released from further deliberation without decision, and that the entire proceeding be vacated as null and void.

Opposition, Def. Ex. 7 (Dkt. No. 57-3) (emphases added). The second letter is Defendants' Exhibit 8, a letter from Defendant Jamey Mentzer to SJP advising SJP of its interim suspension. It states:

> We have received information that individuals acting on behalf of Students for Justice in Palestine at Pitt (SJP) engaged in conduct that may have violated the Student Code of Conduct.

> Specifically, that among other things, *you improperly engaged in communications to members of the Conduct Hearing Board* **during their deliberations following your February 4, 2025, Level II Conduct Hearing**.
>
> As set forth in the Code, interference with the conduct process, which includes any action designed or with the potential to influence or intimidate any person who is participating in a student conduct proceeding, constitutes a serious violation.
>
> Based on this information SJP is being placed on an Interim Suspension of Registration from the University of Pittsburgh, effective immediately.

Opposition, Def. Ex. 8 (Dkt. No. 57-4) (emphases added).

Importantly, and to the specific point raised by SJP, both letters expressly state that the subject interference occurred "during [the hearing board's] deliberations *following* the February 4, 2025 Level II Conduct Hearing." *Id.* at Exs. 7, 8 (emphasis added.) This language limits the subject action because deliberations did not begin until after the conduct hearing ended; therefore, statements made during the conduct hearing were not characterized as part of that interference. *See* Joint Statement of Facts ("JSF") at ¶¶ 24-27, 29-30 (Dkt. No. 54). The communication that occurred during the deliberations and after the hearing was SJP's "Open Letter," demanding dismissal of the disciplinary proceedings against SJP, and sent directly to the conduct hearing board. *Id.*; Opposition, Def. Ex. 4 (Dkt. No. 57-1).

The face of Defendants' Exhibit 7 makes clear that the Open Letter resulted in: (1) the additional conduct charges; (2) the interim suspension; and (3) vacating the then-current pending conduct proceeding. And from Defendants' Exhibit 8, there can be no doubt that the Open Letter resulted in SJP's interim suspension. Any vagueness exists only in SJP's mind, and SJP's assertion that these documents do not "clearly specify SJP-Pitt's allegedly improper conduct" is impossible to square with the text of the documents themselves. *See* Pl. Memo. at 5.

### 2. Mr. Nabors' Clarification is Consistent with Pitt's Formal Process Arising from the Charges Related to the Open Letter.

Pitt's second Conduct Referral makes no mention of SJP's threatening comments during the February 4, 2025 hearing, and recites only the Open Letter in the "Timeline" and "Narrative" sections of "Interference with Ongoing Conduct Process." *See* Exhibit A attached hereto. Pitt's hearing binder, reflecting the evidence presented by Pitt during the May 23, 2025 hearing, makes no mention of SJP's threatening comments during the February 4, 2025 hearing. *See* Exhibit B attached hereto (excerpted for only relevant portions). The second conduct hearing board found SJP responsible for violating the Code of Conduct for sending the Open Letter to the first hearing board, and not for any threatening comments made by SJP during the first hearing. *See* Pl. Preliminary Injunction Memo. at Exhibit 5 (Dkt. No. 46-8). If SJP's argument is that Pitt actually relied on the February hearing statements in disciplining SJP, it is a very poor argument; there is no evidence the hearing panelists in the May 23 hearing *were even aware of the statements*. Opposition, Def. Exs. 44, 45, 46 (Dkt Nos. 66-1, 66-2, 66-3, respectively). Pitt ultimately imposed the current suspension of SJP solely on the basis of sending the Open Letter to the first hearing board. Opposition, Def. Ex. 32 at ¶ 49; *see also id.*, Def. Ex. 41 at ¶¶ 23-25; *id.*, Def. Ex. 42 at ¶¶ 17-19; *id.*, Def. Ex. 43 at  ¶¶ 17-19. These subsequent documents and the evidence that surrounds them, ignored by SJP, are all consistent with Mr. Nabors' clarification in his deposition errata.

### 3. Mr. Nabors' Clarification is Consistent with his Testimony.

Mr. Nabors' clarification in his deposition errata is also consistent with his testimony and, to the extent any of it was not, it was the result of SJP's counsel's failure to carefully question Mr. Nabors by asking inexact compound and muddled questions.

The first portion clarified by Mr. Nabors in his deposition errata, and addressed by SJP in its Memorandum in Support of its Motion to Strike, involved a compound question by SJP's counsel that asked about *both*: (1) SJP's suspension, and (2) starting the proceedings anew. *See* Opposition, Def. Ex. 34; Pl. Memo. at 6-7 (citing Nabors' Depo. Tr. at 21:1-6, in which SJP Counsel asked: "And I'm asking if those comments were part of the decision that is communicated in this email that they're now suspended *and that the proceedings will be started anew*? A. Yes.") (emphasis added). In its argument on this point, SJP has concerningly clipped that question to end the quote prior to the language emphasized above. Pl. Memo. at 7. Mr. Nabors' clarification, distinguishing between the suspension and vacating proceedings, is consistent with his answer to this compound question which failed to make that distinction.

The second portion clarified by Mr. Nabors, and addressed by SJP, involves two more compound questions by SJP's counsel that, contrary to SJP's assertion, were not "open-ended," and in response to which Mr. Nabors asked SJP's counsel to clarify *his* question. Opposition, Def. Ex. 34; Pl. Memo. at 7-8 (citing Nabors' Depo. Tr. at 38:19-39:15). Again, because of the compound nature of the question posed, Mr. Nabors' clarification is consistent with his answer.

The last portion clarified by Mr. Nabors, and addressed by SJP, involved a question about "awareness of" that SJP has tried to convert into a question about "the basis for." Opposition, Def. Ex. 34; Memorandum in Support of Motion to Strike at 7-8 (citing Nabors' Depo. Tr. at 42:16-20). Here, SJP's counsel asked "What disruption or interference were you *aware of* in bringing

10

these charges?" SJP's counsel did not ask, for example, "What disruption or interference was the basis for bringing these charges?" As a result, SJP's assertion that Mr. Nabors' testimony squarely contradicts his deposition errata is untrue. Mr. Nabors was aware of both bases of interference, but only the Open Letter was the basis for bringing the charges. Opposition, Def. Ex. 34.

The portions of Mr. Nabors' testimony that are not the subject of Mr. Nabors' errata, cited by SJP in its Memorandum in Support of Motion to Strike, involve similar non-open-ended, inexact and compound questions, that muddle events, are rife with clarification questions from Mr. Nabors. *See* Pl. Memo. at 9-10 ("I guess my question is, do those encompass anything beyond the Open Letter and the comments made during the hearing? A. Can you repeat the question? Do those? I'm sorry. . . . Q. So there's a library incident at issue in the first misconduct hearing on February 4. The new ones that we've just discussed – and I don't want to put words in your mouth, so if I'm misstating something, please correct me – we have additional charges based on the Open Letter and the students' statements or comments at the hearing. My question is, and this is the 18th, so as you rightly point out, it's right before the alleged third violation involving social media posts. Is there any other conduct at issue?"; "I'm trying to summarize what, what we have here. So is it a fair statement to say that the additional charges, the interim suspension that's being imposed, ***and aborting the first conduct panel in process*** was all triggered by a combination of the Open Letter and what the students said at the February 4 hearing? A. Yes.") (emphasis added). One such portion cited by SJP is even the same as a portion corrected by Mr. Nabors, and the second portion discussed by SJP in its Memo. *Compare* Pl. Memo. at 10-11 (concerning pages 37-39 of Mr. Nabors' deposition) *with id.* at 7 (concerning pages 38-39 of Mr. Nabors' deposition). Because of the muddled compound nature of those questions, Mr. Nabors' clarification is consistent with all of this testimony as well.

11

## C. SJP's Motion to Strike is Procedurally and Substantively Inconsequential.

SJP's Motion to Strike is procedurally inconsequential because it does not change the record. SJP has challenged Mr. Nabor's deposition errata clarification. Mr. Nabors, however, also executed a Declaration, submitted in support of Defendants' Opposition, which states the exact same clarification as his deposition errata. *Compare* Opposition, Def. Ex. 33 at ¶¶ 23-25 (Dkt. No. 57-11) *with id.* at Def. Ex. 34 (Dkt. No. 57-12). In his Declaration, Mr. Nabors states:

> During my deposition in this matter, I failed to note a distinction between the bases for the decisions to (a) vacating the conduct process and (b) initiate new charges against SJP-Pitt and issue an interim suspension of SJP-Pitt. Specifically [the] Panel member who had sent Mr. Landy an email regarding the Open Letter had also indicated that he believed SJP-Pitt had made improper threatening comments during the February 4, 2025 hearing. While I considered those comments during the hearing that the Panel member viewed as improper threats, and those comments had an effect on the decision to vacate the conduct proceedings on March 18, 2025, those comments were not the basis for the decision to either (a) initiate the new charges against SJP-Pitt or (b) issue an interim suspension of SJP-Pitt.

Opposition, Def. Ex. 33 at ¶¶ 23-25. SJP has not moved to strike Mr. Nabors' Declaration, nor has it challenged or disputed that Declaration in its Reply in support of its Revised Motion for Preliminary Injunction ("PI Reply"). Therefore, even if the Court strikes Mr. Nabors' deposition errata, the factual record will be the same.

SJP's Motion to Strike is also substantively inconsequential. The entire purpose of SJP's Motion to Strike is to argue that "the interim suspension and second round of charges were based ***not only*** on the February 4 "Open Letter," but also on the SJP-Pitt students' comments during the February 4 hearing about possibly initiating legal action if the panel does not rule favorably for them." Pl. Memo. at 2, *passim* (Dkt. No. 60). SJP's argument, therefore, is that SJP was temporarily suspended and charged with violating policy for both: (1) threatening comments made to the hearing board panel during SJP's conduct hearing; and (2) sending the Open Letter – demanding dismissal of the charges against it – to the hearing board panel. SJP has not explained

12

any significance to this supposed combination, because it has none; other than setting up a strawman argument to present in its Preliminary Injunction Memorandum that SJP cannot be suspended *only* for threatening comments made during the hearing. *See* Pl. Preliminary Injunction Memo. at 12.

But, even under SJP's telling, it was not suspended only for those threatening comments made during the hearing; it was also suspended for sending the Open Letter to the hearing board. In a First Amendment retaliation claim, a plaintiff must demonstrate a "causal link between a plaintiff's constitutionally protected activity and the retaliatory act." *Mirabella v. Villard*, 853 F.3d 641, 651 (3d Cir. 2017). "[That] required [causal] link is "but-for" causation." *Id.* (citing *Hartman v. Moore*, 547 U.S. 250, 256 (2006)). Consequently, if SJP's suspension – either interim or current – is valid on the basis of sending the Open Letter to the hearing board panel – which it is – then it makes no difference if SJP was *also*, *in part*, originally suspended for its threatening comments. As demonstrated in Defendants' Opposition to SJP's Revised Motion for Preliminary Injunction (Dkt. No. 57), suspending SJP for sending the Open Letter to intimidate the hearing board panel did not violate SJP's First Amendment rights. Opposition at 11-22. Consequently, there is no basis for lifting SJP's suspension.[1] Everything else is window dressing. The importance of the testimony, therefore, is very low. *See EBC,* 618 F.3d at 269.

### D. Striking Mr. Nabors' Deposition Errata is Not the Correct Remedy; Further Testimony Would Be the Correct Remedy.

In *EBC*, the Third Circuit recognized that courts have struck deposition errata for procedural errors, such as failure to submit the errata within 30 days or failure to provide a reason

---

[1] The same is true for an as-applied challenge because if the same sanction is imposed for different underlying conduct and only one conduct is constitutionally protected, then there is no basis to lift the sanction.

for the change. *EBC* 618 F.3d 266. Here, SJP has not alleged that Mr. Nabors failed to comply with any such procedural requirements, nor could it.

> Federal Rule of Civil Procedure 30(e) states:
>
> On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> > (A) to review the transcript or recording; and
> >
> > (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them

Fed. R. Civ. P. 30(e). The court reporter certified that "inspection, reading and signing of said deposition were NOT waived by counsel for the respective parties and by the witness." *See* Exhibit C attached hereto (capitalization in original). Mr. Nabors executed his errata on July 30, 2025, within 30 days of his deposition, not just receipt of the transcript. *See* Opposition, Def. Ex. 34. Defense Counsel served that errata on SJP on the same day. *See* Exhibit D attached hereto. In that errata, Mr. Nabors explained the reason for his change as being a clarification of his testimony, and then identified those changes. *See* Opposition, Def. Ex. 34. Mr. Nabors, therefore, complied with all requirements of Rule 30.

Even if Mr. Nabors' errata were contradictory – which it is not — striking Mr. Nabors' deposition errata is not the proper remedy because Mr. Nabors has complied with Rule 30. *See EBC* 618 F.3d at 266-67. Rather, the proper remedial measure would be to either (1) reopen Mr. Nabors' deposition to allow SJP's counsel to question him about the clarification; or (2) subject Mr. Nabors to cross-examination about the clarification in front of the Court. *See id.* at 267. There is sufficient time, prior to this Court's hearing scheduled on August 28, 2025, to accomplish the former. The better remedy, if any is needed at all and given the nature of the issue, would be for the Court to review the deposition errata in the context of SJP's Revised Motion for

14

Preliminary Injunction, to determine: (1) whether the alleged conflict presents a consequential issue that this Court must clarify to reach a decision; and (2) whether the deposition errata presents contradictory testimony for which the Court should allow cross-examination. *See EBC*, 618 F.3d at 267. Here, as demonstrated above, the alleged conflict is not contradictory and inconsequential.

**II.   CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court DENY Plaintiff's Motion to Strike Improper Errata Modifications to Defendant Nabors' Deposition.

Dated: August 13, 2025                              SAUL EWING LLP

By: */s/ Joshua W. B. Richards*

Joshua W. B. Richards
PA Bar No. 204315
1500 Market Street
Centre Square West, 38th Floor
Philadelphia, PA 19102
Phone: 215-972-7737
Joshua.Richards@saul.com

Alexander R. Bilus
PA Bar No. 203680
1500 Market Street
Centre Square West, 38th Floor
Philadelphia, PA 19102
Phone: 215-972-7177
Alexander.Bilus@saul.com

Peter C. Nanov*
PA Bar No. 333397
1919 Pennsylvania Avenue, N.W.
Suite 550
Washington, D.C. 20006-3434
Peter.Nanov@saul.com

*admitted pro hac vice*

*Counsel for Defendants*

**EXHIBIT TABLE OF CONTENTS**
**FOR DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**MOTION TO STRIKE IMPROPER ERRATA MODIFICATIONS**
<u>**TO DEFENDANT NABORS' DEPOSITION**</u>

**Exhibit A**
UPITT_0013878-UPITT_0013880

**Exhibit B**
UPITT_0013887-UPITT_0014024

**Exhibit C**
Reporter Certification for Deposition of Marlin Nabors

**Exhibit D**
Email serving Errata for Deposition of Marlin Nabors

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Opposition to Plaintiff's Motion to Strike Improper Errata Modifications to Defendant Nabors' Deposition was filed via the Court's electronic case management system and served via electronic mail on the following counsel of record:

Witold J. Walczak, Esquire
ACLU of Pennsylvania
313 Atwood Street
Pittsburgh, PA 15213
vwalczak@aclupa.org


Jules Lobel, Esquire
6938 Rosewood Street
Pittsburgh, PA 15208
jll4@pitt.edu


Solomon Furious Worlds, Esquire
ACLU of Pennsylvania
Legal
P.O. Box 60173
Philadelphia, PA 19102
sfworlds@aclupa.org


Ali N. Szemanski
ACLU of Pennsylvania
P.O. Box 23058
Pittsburgh, PA 15222
aszemanski@aclupa.org


*Attorneys for Plaintiff*


Dated: August 13, 2025                    /s/ *Joshua W. B. Richards*
                                          Joshua W. B. Richards