# EXHIBIT B

**To Opposition to**

**Motion to Strike**

# Students For Justice In Palestine Level II Hearing May 23, 2025

UPITT_0013887

# Complainant Evidence

Evidence

## IN THIS SECTION:

- ime ine
- ibrar S ace se ic
- S nsta ram i e See er
- emai r m S t earin ar
- 3   tice t S re ar in inter erence ith c n ct r cess
- 3   nterim S s ensi n tice t S
- 3   tice t S re: i ati n nterim S s ensi n
- ar n renner tes

UPITT_0013888

SJP Code of Conduct Violations Timeline

# Interference with Ongoing Conduct Process

**January 24, 2025**

- SJP was requested a Level II hearing before a Conduct Hearing Board ("Hearing Board") on the charges associated with the library event (Conduct Referral # 1).

**February 4, 2025**

- That Level II Hearing was convened before a different 3-member Hearing Board panel, who heard evidence and argument in connection with those charges. After the Hearing ended, the Moderator sent the Hearing Board to deliberate and consider the case.
    - That evening, while the Hearing Board was still deliberating, SJP improperly communicated with and interfered with the deliberations of the Board via an email attaching an "Open Letter" asserting various new allegations and urging the Board to dismiss the conduct charges against SJP.

17

SJP Code of Conduct Violations Timeline

> <u>Open Letter Condemning the University of Pittsburgh's Suppression of Pro-Palestinian Voices</u>
>
> We, the undersigned organizations, condemn **the selective repression of Students for Justice in Palestine (SJP)** at the University of Pittsburgh. As the **only Palestinian cultural and advocacy organization on campus**—led by **Palestinian, Arab, and Muslim students**—SJP is being unfairly targeted with **heightened scrutiny and politically driven disciplinary actions**.
>
> In a **blatant act of political suppression**, the University has targeted SJP with proposed sanctions that include **effective suspension** through May 2025, as well as probation through December 2025. Meanwhile, multiple registered pro-Israel advocacy organizations continue to operate without interference, **despite consistent harassment of SJP and its members**. One of these organizations, Students Supporting Israel, has repeatedly collaborated with **Betar USA**—an organization unaffiliated with the university that **issued bomb threats against SJP's general body** in November 2024. By **failing to take action in response to these threats**, the university has **effectively emboldened Betar**; the group has since provided the Trump administration with a list of international students, **targeting them for deportation due to their alleged pro-Palestine stance.**
>
> From the time SJP leadership first met with Student Conduct staff on January 22, they were given **just six days to submit their evidence and witnesses**, despite the university having built its case against them **for a month and a half**. Student Conduct staff also demanded that SJP leadership **submit in advance all questions they planned to ask during the hearing**, a directive that was later **retracted** upon questioning by SJP representatives—raising serious concerns about the fairness and transparency of the disciplinary process.
>
> This latest act of repression is only the latest in a wave of disciplinary measures taken by University of Pittsburgh administration, including **surveilling, defunding, and relocating** SJP events—all justified by vague and inconsistently applied policies. These actions not only **disproportionately penalize students of color** for speaking out against apartheid and state violence but also set a dangerous precedent that will **erode the free speech and organizational rights of all Pitt affiliates**.
>
> In light of the university administration's blatant attempt to silence pro-Palestine voices, we demand:
>
> 1. **The complete dismissal of all disciplinary proceedings against SJP.**
> 2. **Transparency in university conduct policies and equitable application of these policies.**
> 3. **An end to the University's suppression of Palestinian advocacy on campus.**
>
> We refuse to allow this university to **silence marginalized voices**. Advocacy for the rights of the Palestinian people is **not** a crime.

- Attempting to influence *anyone* involved in a conduct proceeding outside of the context of the hearing – particularly the Board members – fundamentally undermines the integrity of the process. For this reason, the Code of Conduct specifically forbids any action that could potentially intimidate, coerce or influence a witness or hearing officer or which otherwise could disrupt or interfere with the conduct process (See Code violations 42 and 43).

- o Moreover, the allegations in SJP's Open Letter were generally untrue or misleading, as well as being inflammatory without being particularly relevant to the specific charges under consideration. However, because these allegations were communicated improperly and outside the context of the hearing, there was no opportunity to rebut them or for the moderator to contextualize them or consider their relevance. This action therefore undermined the integrity of the hearing and effectively permitted SJP to improperly get the "last word" with the Board.
- o In addition, The Open Letter purports to be submitted not just by SJP, but by "[w]e, the undersigned organizations." Near the top of the list, SJP falsely represented that the "University of Pittsburgh School of Law" had co-signed the letter. Unbeknownst to the Board Members, the Law School did not, in fact, consent to sign on to SJP's letter. This misrepresentation further exacerbated the potential for the Open Letter to misinform the Board and undermine the integrity of the hearing process. Furthermore, providing such false information to a University official is a separate, additional violation of the Code. (See Code violations 35).



**February 5, 2025**

- A Board member notified Hearing Moderator Matt Landy of his concerns that SJP's actions constituted interference with the conduct process and an improper attempt to influence the outcome of the hearing.

**February 6, 2025**

UPITT_0013907

SJP Code of Conduct Violations Timeline

- In light of the potential for improper influence, Dean Nabors notified the Board members of the issue requested that they pause their deliberations while further investigation and fact-gathering could take place.

**February 8, 2025**

- SJP further amplified the potential effects of the Open Letter by posting a version of it on their IG:



**March 18, 2025**

- Following investigation, Dean Nabors notified SJP that their actions had compromised the integrity of the conduct proceeding and that the hearing and proceeding would be vacated and re-initiated from the beginning, with the potential for additional charges relating to their actions in interfering with the process.
    - In addition, SJP was notified that they would be placed on Interim Suspension pending investigation and resolution of those charges. They were also notified that they could appeal the Interim Suspension within 10 business days, but they did not submit an appeal.

20

**SJP Code of Conduct Violations Timeline**

I have received information that while this conduct proceeding was ongoing, you engaged in additional conduct that may have violated the Student Code of Conduct (the "Code"). Specifically, that among other things, you improperly engaged in communications to members of the Conduct Hearing Board during their deliberations following the February 4, 2025 Level II Conduct Hearing. As set forth in the Code, interference with the conduct process, which includes any action designed or with the potential to influence or intimidate any person who is participating in a student conduct proceeding, constitutes a serious violation. Your recent actions accordingly give rise to a number of significant consequences.

First, Student Conduct will consider additional conduct charges pertaining to these actions or any other actions in violation of the Code that come to light in the course of its investigation. Second, due to the serious nature of these cumulative actions, you will separately be receiving a Notice of Interim Suspension. That Notice will provide information regarding the nature, duration and scope of that interim suspension, as well as any appeal rights. Third, these actions also irreparably compromise the integrity and credibility of the current conduct proceeding. The integrity of the student conduct process is paramount to ensuring fairness within our student community. Under the circumstances presented here, the integrity of the process dictates that the current Conduct Hearing Board be dismissed and released from further deliberation without decision, and that the entire proceeding be vacated as null and void.

To ensure a fair and impartial process for all, this case and associated charges will be remanded to the Office of Student Conduct to be re-initiated from the beginning as a new proceeding, starting again with the Level II Pre-Hearing Process, and following the procedures outlined in the Code. The new case may include additional or different charges, as deemed appropriate. In the event the new case goes to the hearing stage, a different hearing moderator will be appointed, and a different conduct hearing board will be convened. The Office of Student Conduct will contact you in due course to discuss next steps.

Finally, you are reminded that any action by you or on behalf of your organization which is designed to or may reasonably be construed as an attempt to intimidate, coerce, influence, disrupt or interfere with a conduct process or any person involved in a conduct process (*e.g.* parties, potential witnesses, the hearing moderator, members of the conduct hearing board or other hearing officers, etc.) may constitute a Code violation, which could result in additional charges and/or necessitate additional corrective action to protect the integrity of the process. Such conduct includes, but is not limited to, communications made outside of the context of the conduct process that are directed to a person involved in the conduct process, or threats made against such persons due to their participation in the conduct process.

UPITT_0013909