# Exhibit H

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STUDENTS FOR JUSTICE IN PALESTINE AT PITT,<br><br>*Plaintiff*,<br><br>v.<br><br>UNIVERSITY OF PITTSBURGH; JOAN GABEL, MARLIN NABORS, KARIN ASHER, DaVAUGHN VINCENT-BRYAN, MATTHEW LANDY, and JAMEY MENTZER, all in their official and individual capacities,<br><br>*Defendants.* | CIVIL ACTION NO. 2:25-CV-00524<br><br>Judge J. Nicholas Ranjan |

**PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION**

Plaintiff, Students for Justice in Palestine at Pitt ("Plaintiff" or "SJP-Pitt"), by and through its undersigned counsel, hereby supplements its May 16, 2025, Responses and Objections to Defendants' First Requests for Production (the "Requests"), and states as follows:

**GLOBAL OBJECTIONS**

1. SJP-Pitt objects to each Request to the extent that it seeks to impose any obligations or duties beyond those imposed by the Federal Rules of Civil Procedure.

2. SJP-Pitt objects to each Request to the extent that it seeks the production of documents or communications that are already within Defendants' possession, custody, and/or control.

3. SJP-Pitt objects to each Request to the extent that it seeks the production of documents or communications in the possession of other persons or entities. SJP-Pitt further

1

objects to each Request to the extent that it requests information that is in the public domain and therefore equally available to all parties. SJP-Pitt will produce documents or communications only to the extent such information or materials are in its possession, custody, or control and are not otherwise publicly available. To the extent SJP-Pitt produces publicly available documents or communications, it does so to better facilitate a thorough and timely discovery process.

4. SJP-Pitt objects to each Request to the extent it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production, including but not limited to associational privilege.

5. SJP-Pitt reserves all objections, which may be available to it at any hearing or trial or on any motion, to the use or admissibility of any material produced. The production of any material does not constitute an admission by SJP-Pitt that such material or the information contained therein is relevant to this action or admissible in evidence.

6. SJP-Pitt reserves the right to supplement or amend these objections and its responses.

7. The failure of SJP-Pitt to make a specific objection to a particular, individual Request is not, and shall not be construed as, an admission that responsive documents or communications exist. Likewise, any statement herein that SJP-Pitt will produce any documents or communications in response to an individual Document Request does not mean that SJP-Pitt, in fact, possesses any such documents or communications, or that any such documents or communications exist, but instead reflects the intention of SJP-Pitt, subject to its objections, to conduct a reasonable search for responsive documents.

8. SJP-Pitt objects to the definition of "You" and "Plaintiff" as vague. It is ambiguous whether "any other person or entity acting on its behalf" encompasses student

officers in the organization only, or whether it could extend also to the organization's faculty advisor or even a student-member of SJP-Pitt who has taken on a responsibility on behalf of the organization. SJP-Pitt has construed "You" and "Plaintiff" to encompass SJP-Pitt and its student officers. To the extent Defendants intended to encompass more than student officers, Defendants' definition is overly broad and unduly burdensome, as searching and collecting potentially responsive documents from every student member is disproportionate to the needs of the case at this time, given the expedited discovery timeline. Furthermore, it is unlikely to result in the production of relevant, nonprivileged documents or communications that are not cumulative, duplicative, or burdensome, as these documents and communications likely contain information already encompassed in the collection of documents from SJP-Pitt and its student officers.

9. Without waiving the foregoing objections and subject to them, SJP-Pitt responds as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** All documents and communications relating to or reflecting statements made by Plaintiff since August 1, 2024.

**RESPONSE:** SJP-Pitt objects to this Request as vague, overly broad, and unduly burdensome. Specifically, SJP-Pitt objects to the definition of "statement" as vague, as it could be read to encompass any statement by an officer of SJP-Pitt made to another officer of SJP-Pitt in internal communications that contained an "assertion." It could also encompass social media comments or messages by SJP-Pitt containing "assertions" that are unrelated to the claims and defenses in this matter. To the extent Defendants intended this meaning, this definition would render this Request overly broad and unduly burdensome, as searching and collecting potentially responsive documents would be impractical, impossible, and disproportionate to the

needs of the case at this time, given the expedited discovery timeline. SJP-Pitt also objects to this Request as seeking information that is not relevant to any party's claim or defense. All documents and communications related to statements made by SJP-Pitt that are wholly unrelated to the Subject Incidents, that were not made contemporaneously with the Subject Incidents, or that were not known to or relied upon by Defendants when they disciplined or otherwise infringed on SJP-Pitt's First Amendment rights, are not relevant to the claims and defenses in this case. Only Defendants' knowledge is relevant to the claims and defenses in this case. SJP-Pitt therefore construes this Request to seek public statements made in writing by SJP-Pitt as an organization or by officers on behalf of the organization, including those posted to social media platforms.

  SJP-Pitt further objects to the extent that the Request seeks operational documents or internal communications between or among officers of SJP-Pitt, or documents shared only between or among officers of SJP-Pitt, as these documents and communications are subject to associational privilege. "Discovery requests represent 'state action' that may impermissibly affect an organization's associational activities." *Fraternal Ord. of Police Pa. Lodge v. Twp. of Springfield*, 668 F. Supp. 3d 375, 385 (E.D. Pa. 2023). Production of internal communications and deliberations "relating to" statements made by SJP-Pitt would discourage SJP-Pitt's current members from freely exchanging ideas and inhibit discussions of SJP-Pitt's activities, strategies, and tactics. Disclosure of these communications would also reveal the identities of SJP-Pitt's members and would make it harder for SJP-Pitt to recruit members in the future. Such disclosures infringe on SJP-Pitt's associational rights. Because Defendants do not have a "sufficiently compelling need" for these documents and communications that outweighs SJP-Pitt's associational interests and information sought is not "highly relevant" to the claims and

defenses at issue, these documents are privileged and not discoverable. Documents being withheld on this basis will be disclosed on a privilege log.[1]

SJP-Pitt also objects to the extent that this request seeks documents or communications protected by the attorney-client privilege or work product protection. SJP-Pitt communicated with counsel from the ACLU of Pennsylvania via email and Signal chat on or after March 18, 2025, and these communications are protected from discovery under the attorney-client privilege. On March 18, 2025, SJP-Pitt signed an engagement letter with counsel for the limited

---

[1] Many communications potentially responsive to this and other Requests are no longer in the possession, custody, or control of SJP-Pitt because they occurred on an ephemeral messaging application, including Signal and WhatsApp, and were automatically deleted within one day or one week of the communications, depending on the group's messaging settings at the time, using the respective application's "disappearing messages" setting. Disappearing messages disappear from users' devices automatically once the time period selected by the group has elapsed without any action by the users. Signal Support, *Set and manage disappearing messages*; WhatsApp, *About disappearing messages*. Disappearing messages can only be preserved if a user takes affirmative steps to do so before the message disappears, such as by taking a screenshot or takes a photo of their device screen. Unless a user captured the messages in this way, there is no way for a user to recover or restore the contents of disappearing messages. Based on SJP-Pitt's group settings, disappearing messages about the Subject Events disappeared automatically, before SJP-Pitt anticipated or reasonably should have foreseen litigation. *See, e.g.*, *Bozic v. City of Wash., Pa.*, 912 F. Supp. 2d 257, 267 (W.D. Pa. Sept. 23, 2020) (explaining when duty to preserve attaches).

The ability to recover data associated with disappearing messages on other ephemeral messaging platforms varies and requires expertise. Howard Heath, Aine MacDermott & Alex Akinbi, *Forensic Analysis of Ephemeral Messaging Applications: Disappearing Messages or Evidential Data?*, 46 Forensic Sci. Int'l: Digital Investigation (2023) (discussing ability to recover disappearing messages and noting that Signal required further study). Recovering associated data would require retention of a mobile forensics analyst with access to a proprietary platform. Even still, recovery of message data concerning the Subject Events may be limited or impossible, with message content being virtually unrecoverable even using advanced forensic techniques. Michael Bandemer & Geo Brown, *The limits of secure messaging: Signal, forensic recovery, and lessons from the airstrike leak chat* (Mar. 31, 2025) ("Disappearing messages remain the best countermeasure against forensic recovery – if they expired before the acquisition, they are effectively gone."). The actual usefulness of data that could be recovered, if any, cannot be predicted given the limits on data recovery. Therefore, many of the potentially responsive communications concerning the Subject Incidents, reservations, alerts, and the Open Letter are no longer in SJP-Pitt's possession, custody, or control.

Recovery of this data would be also be unduly burdensome and disproportionate to the needs of the case, as it would require retention of a specialist, the likelihood of recovering usable data is very low, and these communications would be of limited relevance in resolving SJP-Pitt's constitutional claims against Defendants. *See, e.g.*, *Pringle v. Johnson & Johnson*, No. 13-cv-81022, 2020 WL 4501812, at *2 (S.D. Fla. Apr. 7, 2020) (concluding it was disproportionate and unduly burdensome for plaintiff to obtain search history from internet provider or Google where sole value of evidence was impeachment and defendants would have the opportunity to depose plaintiff). If these communications still existed, they likely would be subject to the associational privilege. Any responsive communications via Signal and WhatsApp that are still in the possession, custody, or control of SJP-Pitt will either be produced or disclosed on a privilege log.

5

purpose of evaluating how to respond to the organization's interim suspension.[2] These communications occurred exclusively between SJP-Pitt and counsel, and were made in confidence for the purpose of providing or obtaining legal assistance for SJP-Pitt. SJP-Pitt has not and does not waive attorney-client privilege over these communications, therefore they are not subject to discovery. Additionally, some of these communications are also protected work product, as they include materials prepared in anticipation of litigation and reflect the mental impressions, conclusions, strategies, opinions, or legal theories of counsel. Protected work product is both contained in the communications themselves and as attachments. Counsel has not waived these protections and therefore these materials are not subject to discovery unless Defendants can establish substantial need for these documents. SJP-Pitt continues to assert attorney-client privilege and work product protection over communications involving Jules Lobel's University email address, an issue which will be decided by the Court in resolving Plaintiff's Motion for Protective Order, ECF No. 33. Communications between SJP-Pitt and its counsel (including attached work product) being withheld on the basis of attorney-client privilege or work-product protection will not be disclosed on a privilege log.

     Subject to and without waiving these general objections, SJP-Pitt will produce all responsive, non-privileged documents in its possession, custody, or control. Documents responsive to this Request that are being produced or withheld may also be responsive to other Document Requests.

---

[2] As voluntary resolution of this matter became unlikely, SJP-Pitt and the ACLU of Pennsylvania memorialized expanded scope of representation via a retainer agreement, executed on April 13, 2025.

**REQUEST FOR PRODUCTION NO. 2:** All documents and communications relating to the Subject Incidents, including organization, sponsorship, promotion, planning, and any photographs reflecting signs or other expressive activity created, posted, or displayed by SJP, its membership, or its supporters.

**RESPONSE:** SJP-Pitt objects to this Request as seeking information that is not relevant to any party's claim or defense. All documents and communications related to SJP-Pitt's organization, sponsorship, promotion, and planning not involving the Defendants or not known to or relied upon by Defendants when they disciplined or otherwise infringed on SJP-Pitt's First Amendment rights are not relevant to the claims and defenses in this case. Only Defendants' knowledge is relevant to the claims and defenses in this case.

SJP-Pitt further objects to the extent that the Request seeks documents and internal communications between or among officers of SJP-Pitt or between or among SJP-Pitt and Pitt faculty members or officers of other student organizations, as these documents and communications are subject to associational privilege. Production of internal communications and deliberations concerning organization, sponsorship, promotion, or planning concerning the Subject Incidents would discourage SJP-Pitt from freely exchanging ideas as to future events and actions, as well as frustrate its future ability to pursue their political goals by effectively revealing their activities, strategies, and tactics. Disclosure of these communications would reveal the identities of SJP-Pitt's members and leaders, stymie internal deliberations, and make it harder for SJP-Pitt to recruit members in the future. These communications would also reveal the identities of Pitt community members who may have been approached by SJP-Pitt to participate in or help facilitate student participation in Subject Incidents, which would chill SJP-Pitt's ability to consult with or freely speak with faculty or other Pitt community members about SJP-Pitt's strategies and operations. All such consequences of disclosure infringe on SJP-Pitt's associational rights. *See* discussion *supra*, Response to Request 1. Because

7

Defendants do not have a "sufficiently compelling need" for these documents and communications that outweighs SJP-Pitt's associational interests and information sought is not "highly relevant" to the claims and defenses at issue, these documents are privileged and not discoverable. Documents being withheld on this basis will be disclosed on a privilege log.

Subject to and without waiving these objections, SJP-Pitt will produce all responsive, non-privileged documents in its possession, custody, or control. Documents responsive to this Request that are being produced or withheld may also be responsive to other Document Requests.

**REQUEST FOR PRODUCTION NO. 3:** **All documents and communications relating to reservations made by Plaintiff, and attempts to make reservations, for the Subject Incidents.**

**RESPONSE:** Subject to and without waiving the foregoing global objections, SJP-Pitt will produce all responsive, non-privileged documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4:** **All documents and communications relating to the "alert" identified in ¶¶ 28-29 of the Verified Complaint and any such similar alerts.**

**RESPONSE:** SJP-Pitt objects to this Request as seeking information that is not relevant to any party's claim or defense. While the existence of the alert is relevant to SJP-Pitt's claims, SJP-Pitt's communications *relating to* the alert are beyond the scope of discovery, as they are not relevant to any claims or any defenses.

SJP-Pitt further objects to this Request to the extent it seeks documents and communications subject to associational privilege. Production of internal communications and deliberations would discourage SJP-Pitt's members from open communication and make it harder for SJP-Pitt to recruit members in the future. Production of communications would also reveal the identities of the organization's members and discourage other students from joining

8

or collaborating with SJP-Pitt in the future at risk of exposing their identities. All such consequences of disclosure infringe on SJP-Pitt's associational rights. Because Defendants do not have a "sufficiently compelling need" for these documents and communications that outweighs SJP-Pitt's associational interests and information sought is not "highly relevant" to the claims and defenses at issue, these documents are privileged and not discoverable. *See* discussion *supra*, Response to Request 1. Documents being withheld on this basis will be disclosed on a privilege log.

Subject to and without waiving these objections, SJP-Pitt will produce all responsive, non-privileged documents in its possession, custody, or control. Documents responsive to this Request that are being produced or withheld may also be responsive to other Document Requests.

**REQUEST FOR PRODUCTION NO. 5:** **All documents and communications relating to the application of the Subject Policies to the Subject Incidents.**

**RESPONSE:** SJP-Pitt objects to this Request as seeking information that is not highly relevant to any party's claim or defense. All documents and communications related to the application of the Subject Policies not known to or relied upon by Defendants when they disciplined or otherwise infringed on SJP-Pitt's First Amendment rights are not relevant to the claims and defenses in this case. Only Defendants' knowledge is relevant to the claims and defenses in this case.

SJP-Pitt further objects to this Request to the extent it seeks documents and communications subject to associational privilege. Such communications would reveal the identity of other students and groups with whom SJP-Pitt collaborates and cooperates in planning and pursuing its constitutionally-protected activities. Disclosure of these communications would inhibit communications with allied groups that are essential to effective

9

association and expression, such as deliberations on strategy and tactics, and interfere with political association between the groups, including by discouraging other students and groups from collaborating with SJP-Pitt in the future. All such consequences of disclosure infringe on SJP-Pitt's associational rights. Because Defendants do not have a "sufficiently compelling need" for these documents and communications that outweighs SJP-Pitt's associational interests and information sought is not "highly relevant" to the claims and defenses at issue, these documents are privileged and not discoverable. *See* discussion *supra*, Response to Request 1. Documents being withheld on this basis will be disclosed on a privilege log.

Subject to and without waiving these objections, SJP-Pitt will produce all responsive, non-privileged documents in its possession, custody, or control. Documents responsive to this Request that are being produced or withheld may also be responsive to other Document Requests.

**REQUEST FOR PRODUCTION NO. 6:** All documents and communications relating to the "various advocacy opportunities" referred to in Plaintiff's Memorandum in Support of its Motion for Preliminary Injunction (ECF No. 4 at 27), that Plaintiff intends, or has already planned, to host, sponsor, or promote between now and Jan. 1, 2026.

**RESPONSE:** SJP-Pitt objects to this Request to the extent it seeks documents and communications subject to associational privilege. Such documents and communications would effectively reveal SJP-Pitt's internal strategic deliberations, activities, and tactics, and disclosure of such would discourage SJP-Pitt's current members from freely exchanging ideas, inhibit discussions of effective organizational and advocacy strategies, and make it harder for SJP-Pitt to recruit members in the future. Such disclosures infringe on SJP-Pitt's associational rights. Because Defendants do not have a "sufficiently compelling need" for these documents and communications that outweighs SJP-Pitt's associational interests and information sought is not "highly relevant" to the claims and defenses at issue, these documents are privileged and

10

not discoverable. *See* discussion *supra*, Response to Request 1. Documents being withheld on this basis will be disclosed on a privilege log.

Subject to and without waiving these objections, SJP-Pitt will produce all responsive, non-privileged documents in its possession, custody, or control. Documents responsive to this Request that are being produced or withheld may also be responsive to other Document Requests.

**REQUEST FOR PRODUCTION NO. 7:** All documents that Plaintiff intends to use in support of its Motion for Preliminary Injunction, including at the hearing scheduled for that Motion on June 17, 2025.

**RESPONSE:** SJP-Pitt objects on the ground that this Request is premature. SJP-Pitt has not yet determined all documents it intends to use in support of its Motion for Preliminary Injunction. Subject to and without waiving this objection, SJP-Pitt will supplement these responses to the extent necessary once such a determination has been made, to the extent these documents have not already been produced in response to Defendants' other Requests.

**REQUEST FOR PRODUCTION NO. 8:** All documents and communications relating to the Open Letter.

**RESPONSE:** SJP-Pitt objects to this Request as seeking information that is not relevant to any party's claim or defense. All documents and communications related to the Open Letter not known to or relied upon by Defendants when they disciplined or otherwise infringed on SJP-Pitt's First Amendment rights are not relevant to the claims and defenses in this case. Only Defendants' knowledge is relevant to the claims and defenses in this case.

SJP-Pitt also objects to this Request to the extent that it seeks documents and communications subject to associational privilege. Such documents and communications would reveal SJP-Pitt's internal strategic deliberations, including which groups SJP-Pitt associates with in deliberations about strategy, tactics, and activities surrounding its constitutionally-protected

11

activities. Disclosure of these documents and communications would interfere with SJP-Pitt's ability to effectively collaborate with other like-minded groups by effectively revealing their activities, strategies, and tactics, as well as members and leaders of these groups. Additionally, production of internal documents and communications reflecting deliberations related to the Open Letter would discourage SJP-Pitt's members from freely exchanging ideas and inhibit future discussions of SJP-Pitt's activities, strategies, and tactics amongst its members. Disclosure of these documents and communications would make it harder for SJP-Pitt to recruit members in the future. Such disclosures infringe on SJP-Pitt's associational rights. Because Defendants do not have a "sufficiently compelling need" for these documents and communications that outweighs SJP-Pitt's associational interests and information sought is not "highly relevant" to the claims and defenses at issue, these documents are privileged and not discoverable. *See* discussion *supra*, Response to Request 1. Documents being withheld or redacted on this basis will be disclosed on a privilege log. SJP-Pitt is redacting the names of any student groups who did not sign the published Open Letter.

Subject to and without waiving these objections, SJP-Pitt will produce all responsive, non-privileged documents in its possession, custody, or control. Documents responsive to this Request that are being produced or withheld may also be responsive to other Document Requests.

**REQUEST FOR PRODUCTION NO. 9:** All documents and communications that Plaintiff alleges are evidence of the University's viewpoint discrimination against Plaintiff, including any documents or communication tending to show that the University has treated Plaintiff differently than other RSOs on the basis of Plaintiff's viewpoint(s).

**RESPONSE:** Subject to and without waiving the foregoing global objections, SJP-Pitt will produce all responsive, non-privileged documents in its possession, custody, or control.

Dated: June 4, 2025                               Respectfully Submitted,


By:     */s/ Ali N. Szemanski*
        Witold J. Walczak
        PA Bar No. 62976
        Ali Szemanski
        PA Bar No. 327769
        ACLU OF PENNSYLVANIA
        P.O. Box 23058
        Pittsburgh, PA 15222
        P: 412-681-7864
        F: 267-573-3054
        vwalczak@aclupa.org
        aszemanski@aclupa.org

        Solomon Furious Worlds
        PA Bar No. 333677
        Kirsten M. Hanlon*
        PA Bar No. 336365
        ACLU OF PENNSYLVANIA
        P.O. Box 60173
        Philadelphia, PA 19102
        P: 215-592-1513
        F: 267-573-3054
        sfworlds@aclupa.org
        khanlon@aclupa.org

        Jules Lobel, Esq.
        NY Bar No. 1262732
        P.O. Box 81918
        Pittsburgh, PA 15217
        P: 412-334-1379
        juleslobel73@gmail.com

        *Pro hac vice*

        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on this date, I caused the foregoing Responses and Objections to Defendants' First Requests for Production of Documents to be served upon all counsel of record via email pursuant to counsel's agreement to accept service. All documents were served on Sandy R. Bilus (alexander.bilus@saul.com), Josh W. B. Richards (joshua.richards@saul.com), and Peter Nanov (peter.nanov@saul.com).

Dated:  June 4, 2025                                                                  */s/ Ali N. Szemanski*
                                                                                                 Ali N. Szemanski