# Exhibit I

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STUDENTS FOR JUSTICE IN <br> PALESTINE AT PITT, <br> <br>    Plaintiff, <br> <br> v. <br> <br> UNIVERSITY OF PITTSBURGH, *et al.* <br> <br>    Defendant. | ) <br> ) <br> ) <br> )    Civil Action No. 2:25-cv-00524-NR <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' FIRST REQUESTS FOR PRODUCTION TO
PLAINTIFF STUDENTS FOR JUSTICE IN PALESTINE AT PITT**

  The University of Pittsburgh ("University" or "Defendant"), by and through its counsel and pursuant to Federal Rule of Civil Procedure 34, hereby serves the below First Requests for Production of Documents (the "Requests") on Plaintiff Students for Justice in Palestine at Pitt ("SJP" or "Plaintiff") and requests that Plaintiff respond to the Requests and produce responsive documents within Plaintiff's possession, custody, or control to the offices of Saul Ewing LLP, 1500 Market Street, Centre Square West, 38th Floor, Philadelphia, PA 19102 by May 16, 2025, pursuant to the Joint Stipulated Order entered on April 30, 2025. Plaintiff shall supplement these responses in accordance with Federal Rule of Civil Procedure 26(e).

**DEFINITIONS**

  1. "All," "any," "each," and "every" shall be construed as both "each" and "every" to bring within the scope of the Request all documents that might otherwise be construed to be outside of the scope of the Request.

2. The connectives "and" and "or" shall be construed conjunctively or disjunctively to bring within the scope of these Requests any and all information which might otherwise be construed as outside their scope.

3. "Civil Action" or "Action" refers to the civil action that Plaintiff commenced with the filing of *Students for Justice in Palestine at Pitt v. University of Pittsburgh*, in the United States District Court for the Western District of Pennsylvania, docketed at 25-cv-00524-NR.

4. "Communication" includes any attempted transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether orally or in writing, or by any other means or medium.

5. "Concerning" means referring to, alluding to, responding to, related to, connected with, commenting upon, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, pertaining to and/or evidencing.

6. "Document" or "documents" whenever used herein shall mean all matters identified in Federal Rule of Civil Procedure 34, and shall include, but not be limited to, all written, typed, printed, recorded, photographic or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, now or formerly in the possession, custody or control of Plaintiff, its agents, representatives, and attorneys, or any of them, including, but not limited to, letters, correspondence, telegrams, e-mails, memoranda, records, minutes of all types of meetings, contracts, subcontracts, agreements, guarantees, intra- and inter-office communications, audited or unaudited financial statements, audit reports, projections, account summaries, daily collateral reports, analyses, results of investigations, reviews, bulletins, proposals, estimates, appraisals, recommendations, critiques, trip reports, financial calculations, notices, diaries, books, desk calendars, appointment books,

messages, instructions, work assignments, notes, notebooks, drafts, data sheets, statistical records, telephone records, text or other electronic messages, tapes, tape or video recordings, partial or complete reports of telephone conversations, public and governmental filings, opinions, communications or messages or other data sent, received, posted, or accessed through social media, including, but not limited to, applications such as Twitter, Facebook, Instagram, Snapchat, WhatsApp, and GroupMe, and any other writings or recordings.

7. "Electronically stored information" means all electronic mail ("e-mail"), texts, blackberry messages and attachments and any other information, including without limitation word processing or spreadsheet files, which may be stored on punch cards, magnetic tapes (including without limitation computer or network back-up tapes and drives), data disks (including without limitation floppy disks, hard disks, removable disks, thumb drives, compact discs, or digital video disks), personal digital assistants, data cells, print-outs, and other data compilations from which information can be obtained. This term shall encompass active, archived, and deleted e-mails and other electronically stored information or files.

8. "Including" and its variants are not meant to be exclusionary. Read all requests that contain "including" and its variants as "including, but not limited to."

9. "Open Letter" means the correspondence sent by Plaintiff on February 4, 2025, to various University administrators, titled "Open Letter Condemning the University of Pittsburgh's Suppression of Pro-Palestinian Voices," and refers to the final letter as well as all drafts and subsequent versions of the letter.

10. "Person" or "persons" means natural persons as well as firms, partnerships, associations, institutions, joint ventures, corporations, governmental entities, administrative entities, professional associations, business entities and any other kind of entity or organization.

11. "You", "your", "Plaintiff" and/or "SJP" shall refer to the Plaintiff in the present Civil Action, Students for Justice in Palestine at Pitt, or any other person or entity acting on its behalf.

12. "Defendant" and/or "University" refers to the Defendant University of Pittsburgh and all its agents, employees, attorneys, or any other person or entity acting on its behalf.

13. "Registered Student Organizations" or "RSO" means any student organization formally recognized at the University.

14. "Relate" and its variants encompass the terms "refer," reflect," "regard," "evidence," and "concern," and shall be construed to bring within the scope of the Request all information that comprises, evidences, constitutes, describes, explicitly or implicitly refers to, was viewed in conjunction with, or was generated as a result of, the subject matter of the Request.

15. "Representative" or "representatives" means (a) any past or present officer, director, partner, associate, employee, servant, agent, subsidiary, affiliate, legal counsel or any agent of such persons and (b) any other persons acting on behalf of or in concert with such persons, including, without limitation, insurance brokers or agents, accountants, auditors, actuaries and consultants of any type.

16. The "Subject Incidents" shall mean the following:

    a. The "Sept. 24 Demonstration" shall mean the Sept. 25, 2024 demonstration as identified in ¶ 34 of the Verified Complaint.

    b. The "Oct. 9 Rally" shall mean the October 9, 2024 rally as identified in ¶ 36 of the Verified Complaint.

    c. The "Oct. 10 Teach-In" shall mean the October 10, 2024 teach-in as identified in ¶ 37 of the Verified Complaint.

      d.      The "Shabbat Potluck" shall mean the Shabbat event as identified and referred to in ¶¶ 43-50 of the Verified Complaint.

      e.      The "Dec. 9-12 Study-In" shall mean the December 9-12, 2024 "Study-in" as identified in ¶¶ 53-54, 56-58, 60 of the Verified Complaint.

17.    "Statement" or "statements" means an oral assertion, written assertion, or nonverbal conduct, if intended to be an assertion, including but not limited to statements posted on social media platforms.

18.    The "Subject Policies" shall mean all University policies, rules, and guidelines referred to throughout the Complaint, including but not limited to:

      a.      Student Organization Research Center Registration Guidelines (Ex. 1);

      b.      Student Code of Conduct (Ex. 17);

      c.      Demonstration and Protest Guidelines (Ex. 9);

      d.      RSO Event Planning Guidelines (Ex. 18);

      e.      Library Space use Policy (Ex. 20); and

      f.      Event Management System as identified in Footnote 8 of the Verified Complaint.

## INSTRUCTIONS

1.    All documents are to be produced as they are kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein. If there are no documents in response to a particular request, or if you withhold any responsive documents or categories of documents based on any objections, Defendant shall state so in writing.

2.    Electronically stored information (ESI) must be produced in its original native format including its accompanying metadata. For example:

      a.    documents created using Microsoft Word must be produced as .DOC [or .DOCX] files; and

      b.    emails must be produced in a form that readily supports import into standard email client programs, or the form of production should adhere to the conventions set out in the internet email standard.

3.    These Requests call for the production of all responsive documents in your possession, custody or control, or in the possession, custody or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of such documents.

4.    In responding to these Requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If your response is that documents are not under your control, identify who has control and the location of the documents.

5.    If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

      a.    identifying the document;

      b.    describing where the document is now;

      c.    identifying who has control of the document;

      d.    describing how the document became lost or destroyed or was transferred; and

      e.      identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

6. Each Request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

7. If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, set out separately with respect to each withheld document:

      a.      the ground of privilege or protection claimed;

      b.      every basis for the privilege or protection claimed;

      c.      the type of document;

      d.      its general subject matter;

      e.      the document's date; and

      f.      other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5), the court's local rules, and the judge's individual practice rules.

8. If Plaintiff objects to any document Request on any ground other than privilege, Plaintiff must specify:

      a.      the part of the Request that is objectionable and respond and allow inspection of materials responsive to the remainder of the Request; and

      b.      whether any responsive materials are being withheld on the basis of an objection.

9. To the extent Plaintiff asserts that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced.

10. If there are no documents in response to any Request, Plaintiff shall state so in writing.

11. Unless otherwise stated herein, all documents requested cover the period from January 1, 2024 through the present.

12. These Requests are continuing, and Plaintiff's response to these Requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents and communications relating to or reflecting statements made by Plaintiff since August 1, 2024.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All documents and communications relating to the Subject Incidents, including organization, sponsorship, promotion, planning, and any photographs reflecting signs or other expressive activity created, posted, or displayed by SJP, its membership, or its supporters.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All documents and communications relating to reservations made by Plaintiff, and attempts to make reservations, for the Subject Incidents.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** All documents and communications relating to the "alert" identified in ¶¶ 28-29 of the Verified Complaint and any such similar alerts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** All documents and communications relating to the application of the Subject Policies to the Subject Incidents.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** All documents and communications relating to the "various advocacy opportunities" referred to in Plaintiff's Memorandum in Support of its Motion for Preliminary Injunction (ECF No. 4 at 27), that Plaintiff intends, or has already planned, to host, sponsor, or promote between now and Jan. 1, 2026.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** All documents that Plaintiff intends to use in support of its Motion for Preliminary Injunction, including at the hearing scheduled for that Motion on June 17, 2025.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** All documents and communications relating to the Open Letter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** All documents and communications that Plaintiff alleges are evidence of the University's viewpoint discrimination against Plaintiff, including any documents or communication tending to show that the University has treated Plaintiff differently than other RSOs on the basis of Plaintiff's viewpoint(s).

**RESPONSE:**

Dated: May 2, 2025　　　　　　　　　　　SAUL EWING LLP

　　　　　　　　　　　　　　　　　　　By: /s/ *Joshua W. B. Richards*

　　　　　　　　　　　　　　　　　　　Joshua W. B. Richards
　　　　　　　　　　　　　　　　　　　1500 Market Street
　　　　　　　　　　　　　　　　　　　Centre Square West, 38th Floor
　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　　　　　Phone: 215-972-7737
　　　　　　　　　　　　　　　　　　　Joshua.Richards@saul.com

　　　　　　　　　　　　　　　　　　　Alexander R. Bilus
　　　　　　　　　　　　　　　　　　　1500 Market Street
　　　　　　　　　　　　　　　　　　　Centre Square West, 38th Floor
　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　　　　　Phone: 215-972-7177
　　　　　　　　　　　　　　　　　　　Alexander.Bilus@saul.com

　　　　　　　　　　　　　　　　　　　Peter C. Nanov
　　　　　　　　　　　　　　　　　　　*Pro Hac Vice Admission*
　　　　　　　　　　　　　　　　　　　*forthcoming*
　　　　　　　　　　　　　　　　　　　1919 Pennsylvania Avenue, N.W.
　　　　　　　　　　　　　　　　　　　Suite 550
　　　　　　　　　　　　　　　　　　　Washington, D.C. 20006-3434
　　　　　　　　　　　　　　　　　　　Peter.Nanov@saul.com

　　　　　　　　　　　　　　　　　　　*Counsel for Defendant University of Pittsburgh*