IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STUDENTS FOR JUSTICE IN PALESTINE AT PITT, | ) ) ) |
| Plaintiff, | ) 2:25-cv-524 ) |
| v. | ) ) |
| UNIVERSITY OF PITTSBURGH; *et al.*, | ) ) |
| Defendants. | ) ) |

**ORDER**

The Court finds that Plaintiff Students for Justice in Palestine at Pitt has satisfied the four factors warranting preliminary-injunctive relief, grants the motion (ECF 45),[1] and **HEREBY ORDERS** that Defendants lift the suspension of SJP and reinstate its full privileges as a registered student organization effective upon SJP posting a nominal bond with the Court in the amount of $100.[2]

Time is of the essence, and so the Court does not write a detailed opinion, but instead provides these summary findings.

**Success on the merits.** This case turns on whether the speech at issue is protected or not, and if protected, whether strict scrutiny applies. The Court finds

---

[1] The Court finds that it has jurisdiction to consider the preliminary-injunction motion. The motion is sufficiently related to counts in the complaint, and the suspension at issue is related and overlaps with the interim suspension that is squarely pled. *Cf. Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). Further, as discussed below, because the Court finds that SJP suffers present harm, the motion is not moot. *United States v. Virgin Islands*, 363 F.3d 276, 284-85 (3d Cir. 2004).

[2] A nominal bond is appropriate. *Amalgamated Transit Union Loc. 85 v. Port Auth. of Allegheny Cnty.*, 513 F. Supp. 3d 593, 623 (W.D. Pa. 2021) (Ranjan, J.) (imposing nominal $100 bond in First Amendment case where there was no evidence of financial loss as a result of the injunction), aff'd, 39 F.4th 95 (3d Cir. 2022)*; Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 103 (3d Cir. 1988); *see* Fed. R. Civ. P. 65(c).

that this was protected speech (the jury-tampering cases Pitt cites are legally inapposite to a quasi-administrative university conduct proceeding, and factually inapposite given the content and type of communication here); Pitt's Code of Conduct Rules 42 and 43, as applied,[3] are content-based thus triggering strict scrutiny; while Pitt has a compelling interest in ensuring the fair administration of justice in its conduct hearings, the rules sweep too broadly to further that interest and therefore are not narrowly tailored. So, the rules, as applied, do not pass strict scrutiny, and SJP is likely to prevail on the merits.

**Irreparable harm.** There is irreparable harm. As reflected in Plaintiff's Hearing Exhibit 1, Pitt has informed SJP that, during the suspension, it cannot gather as an organization or recruit other members. That seriously and presently infringes SJP's rights of association and speech, particularly at this time of year, as the academic year begins. *Elrod v. Burns*, 427 U.S. 347, 373-74 (1976); *One Three Five, Inc. v. City of Pittsburgh*, 951 F. Supp. 2d 788, 823 (W.D. Pa. 2013) (Fischer, J.) (finding that loss of First Amendment rights, coupled with "direct effects on Plaintiff's operations," constitutes irreparable harm).

**Balance of equities.** No significant harm will befall Pitt if SJP is reinstated a few weeks earlier than planned.

**Public interest.** The public interest will be served by increasing the level of association and speech on campus. *See Council of Alt. Pol. Parties v. Hooks*, 121 F.3d

---

[3] The "as applied" part is important because Rule 43 is facially content neutral. But in meting out the suspension and applying Rule 43, it is clear that the hearing board relied on the content of the speech, and whether it was designed to intimidate or influence the decision of the board. ECF 46-8, p. 5 ("Students emailed 3 hearing officers on 2/4/2025 with their demands that the case be dismissed before an outcome of the case was shared with respondents," and "inferring the inclusion of the hearing officers was to influence them to return a positive hearing outcome"). At the August 28, 2005, oral argument, all counsel appeared to concede that Dean Nabors initially and the hearing board later on, in effect, interpreted both rules together, and so the content of the speech mattered.

876, 883-84 (3d Cir. 1997) (finding that "the public interest clearly favors the protection of constitutional rights, including. . . associational rights"). Pitt makes a good point that there is a public interest in the integrity of conduct hearings at a public university. Indeed, to the Court's eye, this was unquestionably Pitt's driving force behind the original charge and suspension, not any sort of animus towards SJP and its viewpoint. But given the Court's finding above regarding the merits, the public interest in the integrity of the conduct hearing must be furthered by a more refined and tailored rule.

**Motions to strike and for sanctions.** The Court denies the motions to strike (ECF 59) and for sanctions (ECF 70), without prejudice, as being immaterial to the disposition of the preliminary-injunction motion. To be clear, while the Court denies the motion for sanctions, the Court does have some concerns with the spoliation issues. But the alleged violations—which do not appear to be in bad faith—do not rise to the level of a sanction requiring an adverse inference or denial of the preliminary-injunction motion. *Bozic v. City of Washington*, 912 F. Supp. 2d 257, 271 n.2 (W.D. Pa. 2012) (Hornak, C.J.) ("Sanctions motions addressing claimed spoliation of evidence are serious business."); *see* Fed. R. Civ. P. 37(e)(2)(C).[4]

DATED this 28th day of August, 2025.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

---

[4] One last thing. The Court encourages the parties to put their disputes, including what remains of this case, to rest. This entire dispute could have been handled differently. On one hand, SJP should have used better judgment and made sure not to copy the hearing officers on the email at issue while the hearing was pending. On the other hand, Pitt likely didn't need to charge SJP over it, given that the email was more of a rhetorical piece and played no role in the initial disciplinary decision. Hindsight's 20/20. But it may be time to ratchet things down and get back to campus for a fresh start to the academic year.