# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STUDENTS FOR JUSTICE IN PALESTINE AT PITT,<br><br>*Plaintiff*,<br><br>v.<br><br>UNIVERSITY OF PITTSBURGH; JOAN GABEL, MARLIN NABORS, KARIN ASHER, DaVAUGHN VINCENT-BRYAN, MATTHEW LANDY, and JAMEY MENTZER, all in their official and individual capacities,<br><br>*Defendants*. | CIVIL ACTION NO. 2:25-CV-00524<br><br>Judge J. Nicholas Ranjan |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION**

Plaintiff, Students for Justice in Palestine at Pitt ("Plaintiff" or "SJP-Pitt"), by and through its undersigned counsel, hereby responds and objects to Defendants' First Requests for Production (the "Requests"), and states as follows:

**GLOBAL OBJECTIONS**

1. SJP-Pitt objects to each Request to the extent that it seeks to impose any obligations or duties beyond those imposed by the Federal Rules of Civil Procedure.

2. SJP-Pitt objects to each Request to the extent that it seeks the production of documents or communications that are already within Defendants' possession, custody, and/or control.

3. SJP-Pitt objects to each Request to the extent that it seeks the production of documents or communications in the possession of other persons or entities. SJP-Pitt further

1

defenses at issue, these documents are privileged and not discoverable. Documents being withheld on this basis will be disclosed on a privilege log.[1]

Subject to and without waiving these general objections, SJP-Pitt will produce all responsive, non-privileged documents in its possession, custody, or control. Documents responsive to this Request that are being produced or withheld may also be responsive to other Document Requests.

**REQUEST FOR PRODUCTION NO. 2:** All documents and communications relating to the Subject Incidents, including organization, sponsorship, promotion, planning, and any photographs reflecting signs or other expressive activity created, posted, or displayed by SJP, its membership, or its supporters.

**RESPONSE:** SJP-Pitt objects to this Request as seeking information that is not relevant to any party's claim or defense. All documents and communications related to SJP-Pitt's organization, sponsorship, promotion, and planning not involving the Defendants or not known to or relied upon by Defendants when they disciplined or otherwise infringed on SJP-Pitt's First Amendment rights are not relevant to the claims and defenses in this case. Only Defendants' knowledge is relevant to the claims and defenses in this case.

SJP-Pitt further objects to the extent that the Request seeks documents and internal communications between or among officers of SJP-Pitt or between or among SJP-Pitt and Pitt faculty members or officers of other student organizations, as these documents and communications are subject to associational privilege. Production of internal communications and deliberations concerning organization, sponsorship, promotion, or planning concerning the

---

[1] Many communications potentially responsive to this and other Requests are no longer in the possession, custody, or control of SJP-Pitt because they occurred on an ephemeral messaging application, including Signal, and were automatically deleted within one day or one week of the communications, depending on the group's messaging settings at the time. Therefore, many of the potentially responsive communications concerning the Subject Incidents, reservations, alerts, and the Open Letter are no longer in SJP-Pitt's possession, custody, or control. If these communications still existed, they likely would be subject to the associational privilege. Any responsive communications via Signal that are still in the possession, custody, or control of SJP-Pitt will either be produced or disclosed on a privilege log.

Disclosure of these documents and communications would make it harder for SJP-Pitt to recruit members in the future. Such disclosures infringe on SJP-Pitt's associational rights. Because Defendants do not have a "sufficiently compelling need" for these documents and communications that outweighs SJP-Pitt's associational interests and information sought is not "highly relevant" to the claims and defenses at issue, these documents are privileged and not discoverable. *See* discussion *supra*, Response to Request 1. Documents being withheld or redacted on this basis will be disclosed on a privilege log. SJP-Pitt is redacting the names of any student groups who did not sign the published Open Letter.

Subject to and without waiving these objections, SJP-Pitt will produce all responsive, non-privileged documents in its possession, custody, or control. Documents responsive to this Request that are being produced or withheld may also be responsive to other Document Requests.

**REQUEST FOR PRODUCTION NO. 9:** **All documents and communications that Plaintiff alleges are evidence of the University's viewpoint discrimination against Plaintiff, including any documents or communication tending to show that the University has treated Plaintiff differently than other RSOs on the basis of Plaintiff's viewpoint(s).**

**RESPONSE:** Subject to and without waiving the foregoing global objections, SJP-Pitt will produce all responsive, non-privileged documents in its possession, custody, or control.

Dated: May 16, 2025                           Respectfully Submitted,

                                                      By:    */s/ Ali N. Szemanski*
                                                           Ali Szemanski
                                                           PA Bar No. 327769
                                                           Witold J. Walczak
                                                          PA Bar No. 62976
                                                          ACLU OF PENNSYLVANIA
                                                          P.O. Box 23058
                                                          Pittsburgh, PA 15222
                                                          P: 412-681-7864

F: 267-573-3054
vwalczak@aclupa.org
aszemanski@aclupa.org

Solomon Furious Worlds
PA Bar No. 333677
Kirsten M. Hanlon*
PA Bar No. 336365
ACLU OF PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
P: 215-592-1513
F: 267-573-3054
sfworlds@aclupa.org
khanlon@aclupa.org

Jules Lobel, Esq.
NY Bar No. 1262732
P.O. Box 81918
Pittsburgh, PA 15217
P: 412-334-1379
juleslobel73@gmail.com

*Pro hac vice*

*Counsel for Plaintiff*

12

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date, I caused the foregoing Responses and Objections to Defendants' First Requests for Production of Documents to be served upon all counsel of record via email pursuant to counsel's agreement to accept service. All documents were served on Sandy R. Bilus (alexander.bilus@saul.com) and Josh W. B. Richards (joshua.richards@saul.com).

Dated: May 16, 2025                                                */s/ Ali N. Szemanski*
                                                                                       Ali N. Szemanski